ADELLA L. HILL, Appellant, *v.* THE NINTH AVENUE RAIL-ROAD COMPANY et al., Impleaded, etc., Respondents.

Plaintiff was riding in one of defendant's street cars, which was being driven with unusual speed, when it was struck by the pole of a truck which penetrated through the front of the car, throwing plaintiff from her seat and injuring her.   In an action to recover damages for the injury, where simply these facts appeared, plaintiff was nonsuited.  *Held,* error; that it was not a reasonable or natural inference that such an accident happened without some carelessness on the part of the driver of the car, and the driving at an unusual rate of speed was, inferentially, one cause or occasion of the accident, calling for an explanation, and requiring a submission of the case to the jury.

(Argued March 19, 1888; decided April 10, 1888.,

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made December 7, 1885, which affirmed a judgment entered upon an order dismissing the complaint as to the defendant, the Ninth Avenue Railroad Company.

This action was brought to recover damages received by plaintiff while a passenger on a car of defendant, the Ninth Avenue Railroad Company, which resulted from a collision between said car and a truck which was being driven by the defendant, Patrick Heniff.   The railroad company alone appeared and answered.

The further material facts are stated in the opinion.

*John Jeroloman* for appellant.   The defendant was guilty of negligence in running its car, at the moment of the accident, faster than allowed by the city ordinance. ( *Washburn* v. *Del. L. W. R. R. Co.,* 80 N. Y. 216, 217 ; *Knupple* v. *K. Ice Co.,* 84 id. 490, 491 ; *McGrath* v. *N. Y. Cen. R. R. Co.,* 63 id. 531 ; *Massoth* v. *Del. & H. R. R. Co.,* 64 id. 532, 533 ; *Barrett* v. *Third Avenue R. R. Co.,* 8 Abb. [N. S.], 216 ; *Adolph* v. *Cen. Park, N. and E. River R. R. Co.,* 76 N. Y. 537.)   If the facts proved tended to establish an inference of

negligence, it was the duty of the court to submit them to the jury. (*Hart* v. *Hud. R. R. Co*, 80 N. Y., 622; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 566; *Watkins* v. *Atlantic Ocean R. R. Co.*, 20 Hun, 237.) Defendant having contracted to transport the plaintiff safely, she having paid her fare and being lawfully upon the car and sitting where she had a right to sit, was entitled to be carried safely and without injury. (*Stewart* v. *Crosstown R. R. Co.*, 90 N. Y. 592; *Feeny* v. *Brooklyn City R. R. Co.*, 36 Hun, 198; *Murphy* v. *Coney I. & C. Co.*, 36 id. 199, 200; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 562, 566; *Hart* v. *Hudson R. R. R. Co.*, 80 id. 622; *Troy & B. R. R. Co.*, 83 id. 574; *Roberts* v. *Johnson*, 58 id. 126, 613; *Mullen* v. *St John*, 57 id. 567; *Lyons* v. *Rosenthal*, 11 Hun, 461; *Glidden* v. *N. Y. Cent. R. R. Co.*, 20 Week. Dig. 313; *Webster* v. *Hudson R. R. Co.*, 38 N. Y. 260; *Penn. Co.* v. *Ray*, U. S. Rept. 102, 456; *Smith* v. *St. Paul City R. Co.*, 29 Abb. L. J. 490.) The proof of the happening of this accident under the circumstances, as developed by the evidence, is presumptive and *prima facie* evidence of negligence on the part of the defendant. (*Sullivan* v. *Phil. & Reading R. R. Co.*, 30 Penn. St. 234; *Laing* v. *Colder*, 8 Barr. [Pa.] 483; *Railroad Co.* v. *Norton*, 12 Harris [Pa.] 469; *Railroad Co.* v. *Anderson*, 94 Penn. St. 351; *Germantown Pass. R. R. Co.* v. *Brophy*, 105 id. 38; *Pollard* v. *N. J. R. & Transport Co.*, 22 Wall. [U. S.] 341; *Bowen* v. *N. Y. Cen. R. R. Co.*, 18 N. Y. 534; *Seybolt* v. *N. Y., Lake Erie & West. R. R Co.*, 95 id. 526.) If the driver of the truck was guilty of negligence, that does not excuse the negligence of the defendant or relieve it from responsibility, even though the driver was guilty of gross negligence. (*Webster* v. *Hudson R. R. R. Co.*, 38 N. Y. 260; *Barret* v. *Third Ave. R. R. Co.*, 45 id. 628; *Robinson* v. *N. Y. C. & H. R. R. R. Co.*, 66 id. 341; *Dyer* v. *Erie R. Co.*, 71 id. 228; *Chapman* v. *New H. R. R. Co.*, 19 id. 341; *Colgrove* v. *N. Y. & N. H. R. Co.*, 36 id. 135; *Brown* v. *N. Y. C. R. R. Co.*, 32 id. 597, 602.) The court should have permitted the plaintiff to reopen the case and put in further

evidence as to the negligence of the driver of the defendant's car, after holding the evidence already offered insufficient. ( *Ward* v. *Washington Ins. Co.*, 6 Bos. 229.)

*John M. Scribner* for respondent.    Where a passenger on a railroad is injured the burden of proving that the injury was caused by the negligence of the railroad company or its servants rests upon the party seeking to recover damages therefor. (*Deyo* v. *N. Y. C. R. R. Co.*, 34 N. Y. 9 ; *Button* v. *Hudson R. R. Co.*, 18 id. 248, 251 ; *Johnston* v. *Hudson R. R. Co.*, 20 id. 65, 71 ; *Cordell* v. *N. Y. C. R. R. Co.*, 75 id. 330, 332 ; *Tollman* v. *Syracuse & C. R. R. Co.*, 98 id. 198 ; *Quinlan* v. *Sixth Ave. R. R. Co.*, 4 Daly, 487 ; *Searles* v. *Manhattan Railway Co.*, 101 N. Y. 661 ; *Toomey* v. *Railway Co.*, 3 Q. B. [N. S.] 146 ; *Hart* v. *Hudson River B. Co.*, 84 N. Y. 62 ; *Becht* v. *Corbin*, 92 id. 658 ; *Wilds* v. *Hudson R. R. R. Co.*, 24 id. 434 ; citing *Cotton* v. *Wood*, 98 Eng. C. L. 566 ; *Johnston* v. *Hudson R. R. R. Co.*, 24 N. Y. 433.)    The fact that a person is injured while riding in a railroad car does not impose upon the company the burden of disproving negligence. (*Holbrook* v. *Utica & C. R. R. Co.*, 12 N. Y. 236 ; *Curran* v. *Warren Chemical Co.*, 36 id. 153, 155 ; *Warner* v. *N. Y. C. R. R. Co.*, 44 id. 471 ; *Lamb* v. *Cam. & Amb. R. R. Co.*, 46 id. 271, 279 ; *Wilds* v. *Hudson R. R. R. Co.*, 24 id. 430, 436 ; *Gottwald* v. *Bernheimer*, 6 Daly, 212 ; *Sammon* v. *N. Y. & H. R. R. Co.*, 62 N. Y. 255.)    There was an entire absence of any evidence on the part of the plaintiff to prove negligence on the part of the railroad company, defendant, or against the car driver.    (*Crocker* v. *Knickerbocker Ice Co.*, 92 N. Y. 652.)    The driver of the truck, and not the car driver, is chargeable with negligence. (*Suydam* v. *Grand St. R. R. Co.*, 41 Barb. 375 ; Greenleaf on Ev. [13th ed.] § 37, and notes ; 1 Wharton on Ev. § 486 ; 2 id. §§ 1266, 1267 ; *Wylde* v. *Northern R. R. Co.*, 53 N. Y. 156 ; *Bunce* v. *Kelly*, 7 J. & S. [39 Sup. Ct.] 27, 36, 38 ; *Brooks* v. *Steen*, 6 Hun, 516.) The ordinance put in evidence at the trial does not affect the

question of the respondent's liability. (1 R. S. [Edm. ed.], 648, § 1; id. 695; 3 id. [7th ed.], tit. 13, p. 2084; *Whittaker* v. *Eighth Ave. R. R. Co.*, 51 N. Y. 295; *Isaacs* v. *Third Ave. R. R. Co.*, 47 id. 122.) The car had the right of way and its driver was entitled to act on the presumption that the truck driver would respect the paramount right of the car, and would keep out of its way. (*Fleckenstein* v. *Dry Dock R. R. Co.*, 105 N. Y. 655; *Barker* v. *Hudson R. R. R. Co.*, 4 Daly, 274; *Adolph* v. *Cent. Park R. R. Co.*, 76 N. Y. 530; *Hegan* v. *Eighth Ave. R. R. Co.*, 15 id. 380; *Craig* v. *Rochester R. R. Co.*, 39 id. 404, 410, 411; *Whittaker* v. *Eighth Ave. R. R. Co.*, 51 id. 295, 299; *Wilbrand* v. *Eighth Ave. R. R. Co.*, 3 Bosw. 314.) "The party holding the affirmative is bound to introduce all the evidence on his side before he closes. (*Hastings* v. *Palmer*, 20 Wend. 225; *Ford* v. *Niles*, 1 Hill, 301; *Rex* v. *Stimpson*, 2 Car. & P. 415.) He can, afterwards, introduce evidence in rebuttal only." . (*Marshall* v. *Davies*, 78 N. Y. 420.)

FINCH, J. We think the plaintiff was improperly non-suited. Her proof showed that, while riding in a Ninth avenue street car in the city of New York, she observed that it was being driven with unusual speed, which she estimated to be at about double the ordinary rate, and was suddenly struck by the pole or shaft of a truck which penetrated through the front panels of the car, and with sufficient remaining force to throw her from her seat and inflict serious bodily injuries. Of course she could see nothing and know nothing of what was transpiring outside, but what occurred was enough to call for an explanation, and in its absence to warrant an inference that the driver of the car was in some manner negligent. The speed with which he was going, taken in connection with the circumstances of the accident, indicates that with proper care the injury might have been avoided, and, at all events, renders it impossible to say, as matter of law, that there was no evidence of negligence on the part of the car driver. The collision may have been wholly due to the careless manage-

ment of the truck, but it is not a reasonable and natural inference that a passenger in a street car can be thrown from her seat by the shaft of a truck piercing through the front of the car without some carelessness on the part of the driver; and when it is shown that he was driving at an unusual rate of speed, that becomes, inferentially, one cause or occasion of the accident and calls for an explanation. The inference is not unnatural that if the driver had been going at an ordinary and prudent rate of speed, the accident might have been avoided or mitigated, whatever the negligence of the truck-man. Enough was proved to raise a question for the jury.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.