ALEXANDER *v.* ROCHESTER CITY & B. R. Co.

(*Supreme Court, General Term, Fifth Department.* January 23, 1891.)

1. HORSE AND STREET RAILROADS—INJURIES TO PASSENGERS.

In an action against a street-car company for injuries to a passenger, caused by a collision between the car and a wagon on the track, where there was evidence that the car was going at an excessive rate of speed at the time of the accident, the court properly refused to charge that if the collision was occasioned by the slipping of the car-wheels on the track, the driver having applied the brakes with diligence, defendant is not liable, as such charge withdraws from the jury the question whether the driver was going at an ordinary rate of speed and was exercising due care at the time, and, if so, whether he could then have avoided the accident.

2. SAME—INSTRUCTIONS—PROVINCE OF JURY.

The court also properly refused to charge that the car-driver had a right to assume that the driver of the wagon would use ordinary diligence in turning out from the track; that the collision would be presumed to have been occasioned by the negligence of the driver of the wagon; and that, if the driver of the wagon did not begin to turn from the track until he had passed the driver of the car, then the speed was immaterial, as such questions are for the jury.

3. EXCESSIVE DAMAGES—REVIEW ON APPEAL.

A verdict for $8,000 damages for personal injuries will not be disturbed on appeal where plaintiff's evidence is to the effect that she received serious injuries about the spine, and suffered great pain in her head and back; that one leg was for a long time paralyzed; and that her life would always be one of pain and suffering,—though defendant introduces evidence that she pursued her occupation as teacher in a public school, as usual, after the accident.

DWIGHT, P. J., dissenting.

Appeal from circuit court, Monroe county.

Action by Etta Alexander against the Rochester City & Brighton Railroad Company. From a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial on the minutes, defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

Raines Bros., for appellant.    P. Chamberlain, Jr., for respondent.

CORLETT, J.    On the 22d day of October, 1887, the plaintiff became a passenger on one of the defendant's cars. She paid her fare, and rode down East Main street in a westerly direction. The defendant had two tracks, and the plaintiff rode on the north one. While going down East Main street, the car collided with lumber protruding from the rear of a wagon which was being driven in an easterly direction upon the south track of the defendant's road. The injury occurred when the lumber wagon was leaving the track. She was struck in the back, and knocked from her seat to the floor of the car. The cause was tried in February, 1890, before a justice and jury at the Rochester circuit. It resulted in a verdict of $8,000 in favor of the plaintiff. A motion for a new trial on the minutes was made by the defendant, and denied. Judgment was entered on the verdict, and the defendant appealed from the judgment and order to this court.

The evidence on the part of the plaintiff showed that she was a teacher in one of the public schools of the city of Rochester, and tended to show that she received very serious injuries about the spine, and suffered great pain in her back and head; that one leg became, and for a long time was, paralyzed; in short, that by reason of the injury she became almost a physical wreck, and that her life was, and would continue to be, one of pain and suffering. On the part of the defendant the evidence tended to show that she taught school as usual after the accident and alleged injuries, and that in fact their extent and the degree of her suffering were magnified for the purpose of increasing the verdict. The place of the accident was in the central part of the business portion of the city, and at the time it occurred the plaintiff rose to ring the bell for the purpose of leaving the car, she having reached her destination. The place was near the mercantile center. The wagon upon which the lumber was loaded which caused the injury was going in the opposite direction from the car upon which the plaintiff rode, and up grade on the south track of the road. The wheels were running in the grooves of the rails. No car was following the wagon, and the one in front was so far in advance as not to impede its process. There was nothing in the situation to indicate at what point the lumber wagon would leave the defendant's track, or what distance it would continue to travel upon it. The evidence tended to show that it was the custom of heavy laden wagons to drive along the defendant's tracks. The accident was caused by the wagon turning to leave the track upon which it was traveling, thus turning the lumber which protruded from four to eight feet back of the wagon, through the window of the car in which the plaintiff was a passenger, thus inflicting the injuries. The car was about fourteen feet in length. The evidence on the part of the plaintiff tended to show that the car was being driven down grade at an unusually rapid rate; that it was somewhat behind time, and as one witness expressed it, it was proceeding with such speed as to indicate that it was going

to a fire. The evidence on the part of the defendant tended to show that the speed was at the usual rate. The evidence on the part of the plaintiff also tended to show that the rapid rate of speed might have contributed to the production of the accident, while the defendant's evidence tended to prove the reverse. The charge of the trial justice clearly and fully submitted all the controverted questions of fact to the jury. The defendant's counsel took no exceptions to the charge as made, but made the following requests to charge: "Defendant's counsel asked the court to charge that if, in the opinion of the jury, the collision was occasioned by the slipping of the wheels upon the track, the driver having applied the brakes with diligence, the company is not liable. *The Court.* The jury must determine, first, whether he was driving faster than he ought to have driven, and whether he could have avoided the accident if he had been driving at an ordinary rate of speed, and exercising such prudence and caution as a driver of ordinary prudence and caution would have done under the circumstances. If he did exercise such prudence and caution, and the accident happened in the way which I have been requested to charge, then the company is not liable. *Defendant's Counsel.* The point in regard to that request is that if, when the driver of the wagon turned out, the driver of the car immediately applied his brake, and did all he could to stop the car, and the wheels then slipped, and the accident occurred by reason of that progress of the car, the defendant is not liable. *The Court.* It depends upon whether he was exercising ordinary prudence and caution in driving. If he was, and he could not stop the car in time to avoid the accident, then the plaintiff cannot recover. (Defendant's counsel excepted to the refusal of the court to charge as requested.) Defendant's counsel also asked the court to charge that the driver of the car had a right to assume that the driver of the wagon would use ordinary diligence in turning out from the track. *The Court.* The driver of a car must use ordinary prudence and caution, and when he sees danger ahead he has no right to assume any risk in reference to it, but must use his best judgment to prevent such accident and injury. (Defendant's counsel excepted to the refusal of the court to charge as requested.) Defendant's counsel asked the court to charge that the presumption is, under all the circumstances of the case, that the collision was occasioned by the negligence of the driver of the wagon. *The Court.* I leave that to the jury. (Defendant's counsel excepted to the refusal of the court to charge as requested.) Defendant's counsel asked the court to charge that if the driver of the wagon did not begin to turn from the track until he had passed the driver of the car, in that case the rate of speed is immaterial. *The Court.* That is a question of fact for the jury. (Defendant's counsel excepted to the refusal of the court to charge as requested.)"

The rulings of the learned trial justice upon the above requests were correct. No error requiring a reversal can be predicated upon any of them. It must be borne in mind that the defendant was the owner, having charge of each of the tracks of its street railroad. It had the right of way over them in preference to wagons and other vehicles. In the very nature of things, heavy wagons, laden with lumber, traveling upon either track, would require on the part of the company the exercise of caution and vigilance. A wagon loaded like the one which caused the accident, with lumber projecting so far in its rear, would naturally attract attention. It was self-evident that at some point it would leave the track, and that in leaving it the rear end of the lumber would swing across, and might hit the cars going in an opposite direction on the north track. The lumber wagon was visible to the driver of the car for a long distance, so far as appears. It was upon the defendant's track. The place was in a populous part of the city. Under such circumstances it is manifest that caution and vigilance in the protection of passengers devolved upon the company. The defendant would not be excused in overlooking

what the ordinary observer would notice. The learned counsel for the appellant argues with great earnestness that the driver of the car upon which the plaintiff rode had a right to assume that the driver of the wagon would perform his duty, and do no act endangering the passengers on the car, and that therefore the driver of the car was relieved from the duty of special vigilance. But it is obvious that when the driver knew that one of the defendant's tracks was occupied, not by its cars, but by a heavy wagon, loaded as described, he also knew, or ought to have known, that the wagon so loaded might leave the track at any time upon which it traveled only by tolerance and user, and that in leaving the lumber might swing around in such a way as to strike some portion of the car he was driving. Under such circumstances the duty of vigilance was imposed upon him, and unusual speed might materially increase the risk. The trial justice, therefore, was right in submitting that question, with others to the jury. This view was acquiesced in to such an extent by the learned counsel for the appellant that no exceptions were taken to any portion of the charge. The case could not be withdrawn from the jury. In its various aspects it presented questions of fact. The force of this view is strongly illustrated by the adverse views of the learned counsel for the appellant and respondent in their arguments. No question of law was presented which would have warranted a nonsuit. The latest case in the court of appeals, to which attention has been called, in *Hill* v. *Railroad Co.*, 109 N. Y. 239, 16 N. E. Rep. 61, where it appears that the plaintiff was riding on a street-car in the city of New York, which was driven with unusual speed, and that she was struck by the pole or shaft of a truck which penetrated through the front panels of the car, and thus injured her, the court held that it was not a reasonable or natural inference that such an accident happened without some carelessness on the part of the driver of the car, and that driving at an unusual rate of speed was inferentially one cause for the accident calling for an explanation, and which required a submission of the case to the jury. The judgment below was reversed, and the learned counsel on each side, in their arguments, cite nearly all the cases bearing upon the question of under what circumstances questions of negligence should be submitted to the jury. To the same effect is *Palmer* v. *Canal Co.*, 120 N. Y. 170, 24 N. E. Rep. 302. The learned counsel for the appellant also insists that the damages are excessive. Such was not the judgment of the jury or trial court. They saw the plaintiff, and heard all the witnesses. If her evidence on the subject of the extent of her injuries, including that corroborating her, is correct, the verdict was not excessive. That question was more clearly within the observation of the trial court and jury than this court. The following cases, among numerous others which might be cited, illustrate the caution which courts exercise in granting new trials because the verdict is excessive: *Avery* v. *Railroad Co.*, 2 N. Y. Supp. 101; *Gale* v. *Railroad Co.*, 13 Hun, 1; affirmed, 76 N. Y. 594; *Harrold* v. *Railroad Co.*, 24 Hun, 184. The judgment and order must be affirmed.

MACOMBER, J., concurs. DWIGHT, P. J., dissents.