ETTA L. ALEXANDER, Respondent, *v.* ROCHESTER CITY AND BRIGHTON RAILROAD COMPANY, Appellant.

In an action to recover damages for injuries alleged to have been caused by defendant's negligence, the testimony was to this effect: Plaintiff was riding in one of defendant's street cars; a wagon loaded with lumber was moving in the opposite direction, using the rails of another track. The driver of the wagon, after it had passed the driver of the street car and when it was abreast of the car, suddenly turned off the track ; the lumber which projected beyond the wagon was, by the movement, thrust through a window of the car, and struck the plaintiff, inflicting the injury complained of. The car driver happening to look up in his mirror saw the wagon driver in the act of turning out, and he at once set the brake and stopped the car. It was claimed that the car was traveling at an unusual rate of speed. *Held,* that the evidence failed to show any negligence on the part of defendant, and the submission of the question to the jury was error; that assuming the rate of speed of the car was unusual, it had nothing to do with the accident.

*Hill* v. *N. A. R. R. Co.* (109 N. Y. 239), distinguished.

(Argued May 1, 1891; decided June 2, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 23, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries sustained by plaintiff while a passenger on one of the defendant's cars through its negligence.

The facts, so far as material, are stated in the opinion.

*Thomas Raines* for appellant. The exception to the denial of the motion for a nonsuit was well taken. (*Searles* v. *M. R. Co.*, 101 N. Y. 661; *Taylor* v. *City of Yonkers*, 105 id. 209; *Hegeman* v. *W. R. R. Co.*, 13 id. 9; *Unger* v. *F. S. S. R. R. Co.*, 51 id. 501, 502; *Etherington* v. *P. P. & C. I. R. R. Co.*, 88 id. 643; *Adolph* v. *C. P. N. & R. R. R. Co.*, 76 id. 537; *Hubbell* v. *City of Yonkers*, 105 id. 439; *F. S., etc., R. R. Co.* v. *Gibson*, 96 Penn. St. 83; *Potts* v. *C. C. R. R. Co.*, 33 Fed. Rep. 610.) A person has a right to act on the presumption that another will conduct himself in accordance with the rights and duties of both. (*Newson* v. *N. Y. C. R. R. Co.*, 29 N. Y. 390; *Erns* v. *H. R. R. R. Co.*, 35 id. 28; *Gordon* v. *G. S. & N. R. R. Co.*, 40 Barb. 550; *Massoth* v. *D. & H. C. Co.*, 64 N. Y. 532.)

*P. Chamberlain, Jr.*, for respondent. The defendant's motion for a nonsuit was properly denied. (*Murphy* v. *C. T. & B. R. R. Co.*, 36 Hun, 199; *Seybolt* v. *N. Y., L. E. & W. R. Co.*, 95 N. Y. 562; *Hart* v. *H. R. B. Co.*, 80 id. 622; *Payne* v. *T. & B. R. R. Co.*, 83 id. 572; *Justice* v. *Lang*, 52 id. 323; *Coleman* v. *S. A. R. R. Co.*, 41 Hun, 380; *Bowen* v. *N. Y. C. R. R. Co.*, 18 N. Y. 410; *Brown* v. *N. Y. C. R. R. Co.*, 34 id. 404; *Weber* v. *N. Y. C. R. R. Co.*, 58 id. 461; *Stewart* v. *C. R. R. Co.*, 90 id. 592; *Feeney* v. *B. C. R. R. Co.*, 36 Hun, 198; *Morse* v. *Bogart*, 4 Den. 108; *Scofield* v. *Hernandez*, 47 N. Y. 313; *Thompson* v. *Luneby*, 50 How. Pr. 103; 66 N. Y. 631; *King* v. *City of Troy*, 104 id. 352; *Alberti* v. *N. Y., L. E. & W. R. R. Co.*, 43 Hun, 421; *Caldwell* v. *N. J. S. Co.*, 47 N. Y. 282; *Murphy* v. *C. I. & B. R. R. Co.*, 36 Hun, 200; *Barrett* v. *T. A. R. R. Co.*, 45 N. Y. 632; *Payne* v. *T. & B. R. R. Co.*, 83 id. 574; 58 id. 126, 613; *Carroll* v. *S. I. R. R. Co.*, 57 id. 126; *Barrett* v. *T. A. R. R. Co.*, 8 Abb. [N. C.] 216.) No error was committed by the court in the reception or rejection of evidence. (*Adolph* v. *C. P., N. & E. R. R. R. Co.*, 76 N. Y. 530; *Massoth* v. *D. & H. C. Co.*, 64 id. 524; *Hill* v. *N. A. R. R. Co.*, 109 id. 239; *McCain* v. *B. C. R. R. Co.*, 116 id.

459; *Turner* v. *City of Newburgh*, 109 id. 301; *Griswold* v. *N. Y. C. & H. R. R. R. Co.*, 44 Hun, 236; 115 N. Y. 61.) No error was committed by the court in refusing to charge as requested by defendant's counsel. (*Barrett* v. *T. A. R. R. Co.*, 45 N. Y. 634; *Caldwell* v. *S. B. Co.*, 47 id. 286; *Conly* v. *Meeker*, 85 id. 618; *Reymond* v. *Richmond*, 88 id. 671; *Esmond* v. *Kingsley*, 19 N. Y. S. R. 665.) The verdict was not excessive. (*Gale* v. *N. Y. C. R. R. Co.*, 13 Hun, 1; *McShean* v. *N. Y. C. R. R. Co.*, 6 Alb. L. J. 110; *Whiteman* v. *Leslie*, 54 How. Pr. 494; *Daly* v. *Byrne*, 11 J. & S. 261; *Bierbeaur* v. *N. Y. C. R. R. Co.*, 15 Hun, 559; *Bowles* v. *R., W. & O. R. R. Co.*, 46 id. 327; *Avery* v. *N. Y. C. & H. R. R. R. Co.*, 17 N. Y. S. R. 426; *Minic* v. *City of Troy*, 19 Hun, 253; *Coppins* v. *N. Y. C. & H. R. R. R. Co.*, 48 id. 300; *Walker* v. *E. R. R. Co.*, 63 Barb. 260; *Harrold* v. *N. Y. E. R. R. Co.*, 24 Hun, 184; *Groves* v. *City of Rochester*, 39 id. 11; *Murray* v. *H. R. R. R. Co.*, 47 Barb. 200; *Hickenbottom* v. *D., L. & W. R. R. Co.*, 15 N. Y. S. R. 11.)

GRAY, J.   Upon the trial of this action I think the plaintiff failed to make out a case of negligence against the defendant, and, therefore, established no right to recover damages for the injuries she has sustained.   The evidence is utterly wanting, in this record, from which it might be inferred that the accident was in the slightest degree attributable to any act of omission or commission on the part of the car driver.   Her own narrative of the occurrence and that of her witness, a fellow passenger, do not conflict with the car driver's version, and it is plain and above any reasonable doubt, that the incident was one, which no one, in the exercise of ordinary human foresight, or of that prudence, which should· characterize human action, when entrusted with responsibility towards others, could have anticipated.   The horse-car, in which the plaintiff was riding, was proceeding on its way, in the city of Rochester, upon the northernmost of the two tracks of the defendant's road.   Coming in the opposite direction and using the rails of the other track was a wagon, heavily loaded with lumber.   When this wagon

was abreast of the car, its driver suddenly turned off the track, and, in doing so, the ends of the lumber, which projected from the after part of the wagon, were jerked, or thrust, by the sudden movement of turning, through one of the car windows; striking the plaintiff a blow in the back. At the moment, she was rising from her seat to pull the car strap, for the purpose of signalling the driver to stop at the street corner they were nearing. Her eye glancing out of the car caught a view of the wagon. When asked as to what she saw, she testified "It was on the opposite track, turning off from it; it was about at right angles when I saw it." Then, more particularly, she testified: "He (the wagon driver) was turning off the track at the time of this occurrence. * * * He was at about right angles with the track when I saw it; this was at the time, at the moment, that I was struck, at the moment the lumber came through the window; he was then at about right angles; I had not observed him turning off the track before I was struck; I saw him just at the time; * * * my attention happened to be drawn off that way so as to notice him before I was hit." Again she describes the occurrence: "We were going in opposite directions; this lumber wagon and team were going up the street, as we call it, and I was riding down; the teams had passed each other, the teams of the car and lumber wagon, and the drivers had passed by each other; and as much of the car as was in front of me had passed by the lumber wagon and its load; I did not observe the driver of the lumber wagon when he commenced to turn. Q. You observed the act of turning? Ans. As he was turning. Q. And then almost immediately after you observed his act of turning you were struck? Ans. It was all at the same time and I was struck by the ends of the rear of the load * * *."

The driver is the only other witness in the case, whose evidence gives any information about the movements of the wagon. From his account, it appears that when he first saw the wagon it was coming towards him on the other track, following behind a street car. The road was clear before him and he was going along, passing the car and wagon, with noth-

ing to attract his attention, when, happening to look up in his mirror, he saw the wagon driver in the act of turning out and he at once set his brake and stopped his car, fearing some injury from the load. He testified that neither at the time when the team of the lumber wagon passed his team, nor when the wagon passed, had he seen any movement towards turning out. The whole load had gone by him and it was owing to his glancing into his mirror that he noticed the sudden movement of the lumber teamster and was enabled to set his brakes to arrest his own motion. The suddenness and rapidity, with which the car was struck by the wagon load, are evidenced by the fact that the breaking of the car window pane was the only damage inflicted upon the car. The wood-work was not even touched. This proved the striking of the car to have been caused by the jerk, or violent movement necessarily imparted to the wagon body by the driver's attempt to take his wagon wheels so abruptly out of the rails. The driver of the wagon was never found and the description of the incident is thus confined to the testimony of the plaintiff and the car driver, which agrees as to these essential features. The testimony of the witness, who was a passenger in the car, relates only to what took place at the time the plaintiff was struck; except that he testifies to the rapid rate at which the car was proceeding. And the evidence as to the high rate of speed constitutes, in effect, the only real basis upon which the respondent's counsel founds his argument in support of this large and extraordinary recovery. He claims that "the approximate cause of the accident and injury was the high and dangerous rate of speed at which the car was being driven," and he argues that if the driver had been proceeding at a more moderate speed, he could have stopped his car and avoided the collision. I do not perceive the force of this argument. Assuming the rate of speed to have been unusual, even, the speed of the car had nothing to do with the occurrence. The track was clear ahead of the car driver; the lumber wagon was where it could not possibly collide with the car and there was nothing to indicate to the car driver that the teamster

intended to change the course of his wagon. He had every right to suppose, if there was reason for his dwelling upon the very common occurrence of a wagon using the other track, that it would not turn off in the middle of a block, but that it would continue on. It cannot be assumed from the evidence what, if the car had been running at a slow rate of speed, would have been the result of the wagon driver's act of suddenly turning off the rails. If conjecture were admissible, it might bear either way upon the causes of this occurrence. If I were to conjecture upon the effect of the rapidity of the car's movement, I should incline to the supposition that it may have prevented a severer collision. The facts of the case permit no inference of fault in the driver. He had nothing to warn him, or even to suggest to him an impending, or possible collision of the wagon with any part of his car. He was evidently alert; for he had his brake so well in hand as to be able to stop the car at once. He was not bound to infer the existence of danger from the approach of a wagon upon the other track. So far as he was concerned in the causes of the plaintiff's injuries, his action was no more a procuring element than if, when abreast of the car, the wagon driver had suddenly turned his team and intentionally driven his pole or wagon into the car. The driver of the wagon had a right to use the street railway track and his use of it would have led to no injurious result in this case, if, in order to leave it at that place, he had not turned his wheels so abruptly as to throw, or swing the end of his wagon body around and against the passing car. It was his negligent and reckless act which directly caused the injury to the plaintiff and the case fails to disclose any neglect on the driver's part, which co-operated to occasion that result. As the case stood upon the evidence, no inference was permissible that the defendant had failed in its obligation to carry the plaintiff with that care and vigilance, which are imposed by law upon such a carrier of passengers, and to allow the jury to pass upon the issue was to invite a verdict for the plaintiff, based solely upon a sympathy for her suffering. It was distinctly error in the trial judge to deny the motion for a nonsuit.

The judgment was sought to be upheld, below, by reference to the case of *Hill* v. *Ninth Ave. R. R. Co.* (109 N. Y. 239). That decision is not in point. There the street car, while moving at unusual speed, was struck by the pole, or shaft, of a truck, which penetrated the front panels of the car, with force sufficient to injure a passenger. Plainly enough, such an occurrence suggested some possible negligence in the car driver and called for some explanation of such a collision. An inference was justifiable, on the plaintiff's proof, that the car driver might have avoided the collision, or lessened its effect, and, therefore, it was error to dismiss the complaint. The very nature of the accident in that case raised the inference that the driver must have been reckless and that there might have been some way to avoid it by prudent driving; while here there was only reason to believe that the car driver could have done nothing to avoid the consequences of the teamster's conduct.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.