BERGEN COUNTY TRACTION COMPANY, PLAINTIFF IN ERROR, v. PEARL R. DEMAREST AND FRED. C. DEMAREST, DEFENDANTS IN ERROR.

|  |  |
|---|---|
| 62 | 755 |
| 66 | 45 |
| 66 | 335 |

Argued November 17, 1898—Decided March 6, 1899.

In a suit brought against a street railroad company by a passenger for injuries caused by the derailment of the car, proof of the happening of the accident is sufficient to charge the company with negligence and to place upon it the burden of showing that the injuries were not received through any fault on its part.

---

On error to the Bergen Circuit Court.

For the plaintiff in error, *Leon Abbett* and *James B. Vredenburgh*.

For the defendants in error, *John P. Stockton, Jr.*, and *Warren Dixon*.

The opinion of the court was delivered by

GUMMERE, J.     The proofs in this case disclose that on the 11th day of May, 1897, Mrs. Demarest, who was one of the plaintiffs below, was a passenger upon an open trolley car of the defendant company; that the car, upon reaching the foot

of a hill in the village of Leonia, at a point where there was a curve in the track, left the rails, and, after running about seventy-five feet, collided with a tree, thereby throwing Mrs. Demarest from her seat and inflicting upon her the injuries for which she now sues.

On the trial of the case, in the court below, the plaintiffs attempted to show that the car was running at a high rate of speed when it reached the curve, and that it jumped the track for that reason. The defendants now insist that the proofs offered by the plaintiffs will not justify an inference that the accident resulted from such a cause; that, because of this failure of proof, the trial judge should either have ordered a nonsuit or directed a verdict for the defendant, and that his refusal to do so was error.

If it had been necessary for the plaintiffs, in order to make out a *prima facie* case, to prove to the jury what it was that caused the accident, we should be inclined to hold that there was sufficient evidence in the case to make it a question for the jury whether the accident was not the result of excessive speed in the running of the car. But no such duty rested upon the plaintiffs. All that they were required to do was to show the existence of negligence, on the part of the defendant, which occasioned the injury. And this they did by proving that the car left the track.

Ordinarily, proof of the occurrence of an accident will not of itself support a conclusion of the defendant's carelessness; but this principle is not of universal application. Where the accident is one which, in the ordinary course of events, would not have happened if proper care had been used by the defendant, *res ipsa loquitur*. *Bahr* v. *Lombard, Ayres & Co.*, 24 *Vroom* 233; *Sheridan* v. *Foley*, 29 *Id.* 230. In the ordinary operation of the defendant's railroad, its cars would not have left the rails. It is a matter of common knowledge that the roadbed of a street railroad is so built, and the cars so constructed, that, when there is no defect in either, and the cars are run with due care, the latter will remain upon the track; and consequently proof of the derailment of a car, in

the absence of evidence to the contrary, justifies the conclusion that it resulted either from improper construction, failure to keep in proper repair or negligence in operation.

Having proved the happening of an accident which raised an implication of negligence on the part of the defendant, it was not incumbent on the plaintiffs to go further and show what the particular act of negligence was.

It is contended by counsel for the defendant that the maxim referred to has no application to cases like the present, and *Curtis* v. *Rochester, &c., Railroad Co.*, 18 *N. Y.* 534, is cited in support of his contention. The injury in that case was caused by the derailment of a car, and the head-note to the opinion is that " in an action against a railroad company for an injury received by a passenger, no presumption of negligence arises from the mere fact that an accident has happened." The text of the opinion supports the syllabus, and the case *seems* to be an authority in favor of the defendant's position. I say *seems*, because in later cases in the same court, arising out of similar accidents, it is referred to in support of the opposite doctrine. *Edgerton* v. *New York and Harlem Railroad Co.*, 39 *N. Y.* 227, 229 ; *Seybolt* v. *New York, Lake Erie and Western Railroad Co.*, 95 *Id.* 562, 568.

Assuming the case to support the position of the defendant, its authority has been repudiated by the later cases referred to. In the Edgerton case, Mr. Justice Grover, speaking for the court, uses this language : " Experience teaches that when the track and machinery (viz., the engine and cars) are in a safe condition for the transportation of passengers, and prudently operated, the trains will keep upon the track and run thereon with entire safety to those on board. Whenever a car or train leaves the track, it proves that either the track or machinery, or some portion thereof, is not in a proper condition, or that the machinery is not properly operated, and presumptively proves that the defendant, whose duty it is to keep the tracks and machinery in the proper condition and to operate it with the necessary prudence and care, has in some respect violated this duty."

In the Seybolt case, Chief Justice Ruger, delivering the opinion of the court, quotes the above extract from the Edgerton case, and adds : " While it is true as a general proposition that the burden of showing negligence on the part of the defendant occasioning an injury rests, in the first instance, upon the plaintiff, yet in an action of this character, when he has shown a situation which could not have been produced except by the operation of abnormal causes, the onus then rests upon the defendant to prove that the injury was caused without his fault."

The cases are frequent in which the maxim has been applied to derailment accidents, but the multiplication of authorities is unnecessary.' A full collation of the decisions may be found in *Patt. Ry. L., p.* 274, *note* 7.

There was no error in the refusal to nonsuit or to direct a verdict for the defendant, and the judgment of the Circuit Court should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DEPUE, VAN SYCKEL, LIPPINCOTT, GUMMERE, LUDLOW, COLLINS, BOGERT, NIXON, ADAMS, VREDENBURGH.   12.

*For reversal*—None.