THOMAS M. SHAY ET UX., DEFENDANTS IN ERROR, v. THE CAMDEN AND SUBURBAN RAILWAY COMPANY, PLAINTIFF IN ERROR.

Submitted March 26, 1901—Decided June 17, 1901.

1. Where in an action against a street railway company for injuries to a passenger caused by collision with a wagon, there was proof from which the jury might infer the negligence of the motorman, there was no error in refusing to nonsuit the plaintiff.

2. Where the collision of the car with the wagon occasioned some physical injury to the passenger, such injury would justify an award of damages, and if it produced fright or other mental disturbance, damages therefor might be included.

3. A request to charge that the plaintiff must establish negligence by preponderance of evidence was improper. It was for the company to establish that the motorman was not, in fact, negligent.

On error to the Supreme Court.

For the plaintiff in error, *Edward A. Armstrong.*

For the defendants in error, *Howard Carrow.*

PER CURIAM.

*First.* There was no error in refusing to nonsuit the plainttiff, for there was proof from which the jury might infer the negligence of the motorman who was running the car in which Mrs. Shay was a passenger.

*Second.* The collision of the car with the wagon undoubtedly occasioned some physical injury to Mrs. Shay. Such injury would justify an award of damages, and if it produced fright or other mental disturbance, damages therefor might be included. *Lambertson* v. *Consolidated Traction Co.,* 30 *Vroom* 297; *S. C.,* 31 *Id.* 457.

*Third.* Defendant was a carrier of passengers, and had accepted Mrs. Shay as a passenger. It owed her a duty to carry her safely. Proof of the happening of a collision between the car in which she was carried and a vehicle in the public streets, an accident which, in the ordinary course of events, would not have happened if the proper care had been used by the motorman, raised an implication of negligence on the part of the company. It was for the company to establish that the motorman was not, in fact, negligent. The request to charge that the plaintiff must establish negligence by preponderance of evidence was improper, and there was no error of the court in refusing to thus charge. *Bergen County Traction Co.* v. *Demarest,* 33 *Vroom* 755.

*Fourth.* Considering the duty of the defendant Mrs. Shay· arising from the relation between the carrier and the passenger, the charge that the duty of the company, in running the cars, required a very considerable degree of care, was not an overstatement of the company's duty. The company had no reason to complain of this definition of its duty.

*Fifth.* The charge on the subject of damages was, in all respects, correct, and the request was substantially complied with.

No error being found, the judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GUMMERE, COLLINS, FORT, GARRETSON, HENDRICKSON, BOGERT, KRUEGER, ADAMS, VREDENBURGH, VOORHEES, VROOM. 15.

*For reversal*—None.