## SÁMBUCK v. SOUTHERN PACIFIC COMPANY.

### S. F. No. 2554; January 3, 1903.

#### 71 Pac. 174.

**Damages for Personal Injuries — Examination of Plaintiff's Person.**—Where, in an action for injuries, plaintiff's physician testified that on examination there were 'no objective signs of injury on his body, and no bruises, and that his injuries were subjective, rather than objective, and defendant's physician had thoroughly examined plaintiff, and fully detailed his condition, as a witness, defendant was

not prejudiced by the court's refusal to compel plaintiff to submit to an examination of his person at the trial.

**Carrier of Passengers—Presumption of Negligence.**—In an action for injuries to a passenger from a railroad collision, it is presumed in the first instance that the collision was the result of the carrier's negligence, to rebut which defendant must affirmatively show that the collision was the result of inevitable casualty, or of some cause which human care and foresight could not prevent.

**Carrier of Passengers—Liability for Slight Negligence.**—In an action for injuries to a passenger, the carrier is liable for the slightest negligence.

APPEAL from Superior Court, Santa Cruz County; Lucas F. Smith, Judge.

Action by Nicholas Sambuck against the Southern Pacific Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Charles B. Younger and Foshay Walker for appellant; John H. Leonard for respondent.

PER CURIAM.—The plaintiff brought this action for damages for personal injuries of a permanent nature received in a collision and train wreck while traveling as a passenger on defendant's railroad train. On a trial with a jury, plaintiff had a verdict and judgment for $6,000. The defendant appeals from said judgment and from an order denying it a new trial.

1. The principal contention of appellant is based on an alleged error of the court in refusing to compel the plaintiff to submit his body to an examination, on motion of appellant. Conceding that the plaintiff refused to permit an inspection of his person at the trial, and for the purposes of the argument that the court erred in refusing to order him to submit, yet we think it is plain, from the record before us, that defendant was not injured thereby. The most that such an inspection could disclose in aid of defendant would have been to establish the fact that there was no external evidence of any injury; but this fact was subsequently fully established, and without conflict, by one of plaintiff's own witnesses. W. R. Congdon, the doctor who was still treating plaintiff at the time of the trial, testified that he examined him about the 5th or 6th of December, 1899, which was more than eleven weeks

after he was hurt and about three months before the trial, and that he had him stripped, "his clothes all taken off of him," and that "there were no objective signs on his body, no bruises." This was uncontradicted, and, coming from the plaintiff's witness, the plaintiff was bound by it; and an inspection of plaintiff's body could have added nothing to it more favorable to the defendant. The plaintiff, in his testimony, did not claim, nor was there any evidence to show, that at the time of the trial there were any marks, scars or other evidences of injury to be discovered by an inspection or examination of any particular part of plaintiff's person; but, on the contrary, the testimony of the physicians in the case shows that evidence of plaintiff's injury was, as they term it, "subjective," rather than "objective." In addition to this, it also appears that the defendant's physician had examined plaintiff thoroughly at least twice, and had reported the result thereof to the defendant, and detailed it fully as a witness upon the trial of the case. He said that on his examination at the time of the injury he found some scratches and a slight puff of the skin in the lumbar region, between the ribs and the hip bone, about two inches to the right of the spine. He examined him a day or two later, and these scratches and this puff were entirely gone, and he was in a normal condition, so far as the doctor could see. Without intimating what the rule would be in a case where a motion is squarely made for an order compelling the plaintiff to submit to an examination, and where it appears that such an examination might result in some evidence beneficial to the moving party, we must hold that it appears affirmatively here that the appellant could not have suffered any injury from the action of the court in refusing to order any further examination or inspection of plaintiff's body.

2. There is some substantial evidence tending to show that plaintiff's injuries were not slight, but severe, and of a permanent nature, and this evidence prevents us from saying that as a matter of law the verdict for $6,000 is excessive.

3. The rule that an injury to a passenger in a railroad collision is presumed in the first instance to be the result of the carrier's negligence is well established in this state. It is equally well established that, to rebut the presumption of negligence arising from a collision, the defendant must affirmatively show, where a passenger is plaintiff, that the collision

was the result of inevitable casualty, or of some cause which human care and foresight could not prevent, and that the law holds the carrier responsible in such cases for the slightest negligence. The instructions complained of by appellant involve the foregoing principles, and two of them are copied from the case of Mitchell v. Southern Pac. R. R. Co., 87 Cal. 62, 11 L. R. A. 130, 25 Pac. 245, in which the court says: "We have carefully examined the instructions of the court to the jury and find no error in any of them." The other instruction complained of is copied from the language of the opinion in Bush v. Barnett, 96 Cal., at page 204, 31 Pac. 2. This latter case has since been cited in an opinion of the court in bank in McCurrie v. Southern Pac. Co., 122 Cal. 558, 55 Pac. 324, and in the very recent case of Bosqui v. Sutro R. R. Co., 131 Cal. 390, 63 Pac. 682; and it must now be regarded as the settled rule in this state that (in the language of the instruction), "the presumption that the injury was caused by the negligence of the carrier, which is raised upon the proof by the plaintiff that he was injured while being carried as a passenger, is itself a fact which the jury must consider in determining its verdict, and which, in the absence of any other evidence in reference to the negligence, necessitates a verdict in favor of the plaintiff."

The judgment and order appealed from are affirmed.