LUCIA NAJARIAN, ADMINISTRATRIX OF DECKRAN NA-
JARIAN, DECEASED, DEFENDANT IN ERROR, v. JER-
SEY CITY, HOBOKEN AND PATERSON STREET RAIL-
ROAD COMPANY, PLAINTIFF IN ERROR.

Argued March 16, 1909—Decided June 14, 1909.

1. In a suit brought against a street railroad company to recover
for the death of a pedestrian in a street caused by his being hit
by the rear end of a car which left the track because of the
"splitting" of a switch, proof of the happening of the accident is
sufficient to charge the company with negligence and to place
upon it the burden of showing that the injuries resulting in death
were not received through any fault on its part.
2. Where the happening of an accident is sufficient to charge a de-
fendant with negligence, and where fair-minded men might hon-
estly differ as to whether the defendant has sustained its burden
of showing that the decedent's injuries were not received through
any fault on its part, the question of defendant's negligence
should be submitted to the jury.
3. A pedestrian struck by a street car which left the track is not
guilty of contributory negligence because he was standing in
the roadway when it appears that he was sufficiently distant
from the track for the car to have passed him in safety if it had
remained upon the track.

On error to the Hudson County Circuit Court.

For the plaintiff in error, *Edwards & Smith.*

For the defendant in error, *Hartshorne, Insley & Leake.*

The opinion of the court was delivered by

TRENCHARD, J.   On January 23d, 1907, the plaintiff's in-
testate, Deckran Najarian, was struck and killed by a trolley
car of the defendant company.   The accident occurred about
six or seven o'clock in the evening and while it was dark.
The decedent was walking westward on Angelica street (be-
ing on the north side of that street) and stopped when he
came to the corner of that street and Spring street, to allow

the trolley car in question to pass before him. The car was going southward on Spring street. A switch was in the track on Spring street north of Angelica street, for the purpose at times of switching cars off eastward into the car barn on Angelica street. The tongue of this switch was usually kept "closed for Angelica street;" that is, it was ordinarily so set that cars traveling south on Spring street would pass over it and continue southward through that street. The decedent stood in the roadway between the curb of Spring street and the trolley track. The front wheels of the car in question passed over the switch in safety, but the hind wheels took the switch into Angelica street, thereby throwing the rear of the car toward the curb on the east side of Spring street and against the decedent, injuring him so that he died shortly after.

This action was brought in the Hudson County Circuit Court by the administratrix of the decedent to recover damages for his death. The trial resulted in a verdict for the plaintiff, and this writ of error brings up for review the judgment entered upon the verdict.

The defendant below assigns error upon the refusal of the trial judge to nonsuit the plaintiff and to direct a verdict for the defendant.

We think the motions were properly refused.

Both motions were grounded upon—*first,* want of evidence of negligence of the defendant company; and *second,* the contributory negligence of the plaintiff's intestate.

With respect to the negligence of the defendant company, we think there was evidence requiring the submission of that question to the jury.

It was not necessary for the plaintiff, in order to make out a *prima facie* case, to prove the cause of the accident. All that she was required to do was to show the existence of negligence, on the part of the defendant, which occasioned the injury resulting in death. This she did by proving that the rear of the car left the straight track upon which the front part of it was proceeding so as to kill the plaintiff's intestate who was standing in what was normally a place of safety.

Ordinarily, proof of the occurrence of an accident will not of itself support a conclusion of the defendant's carelessness; but this principle is not of universal application. Where the accident is one which, in the ordinary course of events, would not have happened if proper care had been used by the defendant, the maxim, *res ipsa loquitur,* applies. *Bergen County Traction Co.* v. *Demarest,* 33 *Vroom* 755; *Bahr* v. *Lombard, Ayres & Co.,* 24 *Id.* 233; *Sheridan* v. *Foley,* 29 *Id.* 230.

In *Bergen County Traction Co.* v. *Demarest, supra,* Chief Justice Gummere, speaking for this court, said: "In the ordinary operation of the defendant's railroad, its cars would not have left the rails. It is a matter of common knowledge that the roadbed of a street railroad is so built, and the cars so constructed, that, when there is no defect in either, and the cars are run with due care, the latter will remain upon the track; and consequently proof of the derailment of a car, in the absence of evidence to the contrary, justifies the conclusion that it resulted either from improper construction, failure to keep in proper repair or negligence in operation."

In the present case it may likewise be said that common experience teaches that switches are so built and cars so constructed that when there is no defect in either, and the switches are prudently operated and the cars are run with due care, the latter will pass over closed switches in safety. Therefore, proof of the "splitting" of the switch, in the absence of evidence to the contrary, justifies the conclusion that it resulted either from improper construction, failure to keep in proper repair or negligence in operation of the car or switch or both. If there were any facts inconsistent with negligence, it was for the defendant to prove them. The motion to nonsuit upon the ground of want of proof of the defendant's negligence was therefore properly denied.

We think there was no conclusive rebuttal of such presumption of negligence established by the defendant.

We have pointed out that the switch, the "splitting" of which caused the accident, was supposed to be kept set so that cars would pass over it down Spring street. The front wheels

passed safely, but the rear wheels took the switch into Angelica street. Immediately after the accident and before the car was moved the tongue of the switch was found "open for Angelica street;" that is, so placed that a car going southward on Spring street would be turned by the tongue of the switch into Angelica street. This movable tongue of the switch (which according as it is "closed" or "opened" keeps the wheels of the car upon the main track or shunts them off upon the switch) is six feet nine inches long. It rests in a pocket and is pivoted at the large end with a pin. The other end or point of the tongue is the part which is moved from right to left for the purpose of opening or closing the switch.

The defendant attempted to overcome the presumption of negligence by showing that the switch was of standard type and in good working order. But the testimony shows that the tongue was considerably worn at the point. Moreover, the accident may well have happened from the failure of the defendant's servant to completely close the switch; that is, from his failure to move the point of the tongue until it was in actual contact with the rail of the main track. If it was not so completely closed the forward wheels might well have passed over and the rear wheels have taken the switch, on account of the natural swing of the car from side to side from time to time. The testimony shows that had the switch been properly closed, it could not have been forced open by the motion of the car wheels in running over it unless the tongue was defectively loose at the pivot. The motorman says that as he went over the switch he noticed that it was "set straight to go right on to Spring street." Whether his conclusion was correct, or his inspection imperfect, was, in view of the fact that the switch was found open immediately after the accident, a matter about which fair-minded men might honestly differ.

The negligence of the defendant being a jury question, the motion for a direction of a verdict upon the ground of want of proof of the defendant's negligence, was properly refused.

With respect to the alleged contributory negligence of plaintiff's intestate, counsel has not pointed out nor do we perceive in what respect he was negligent. He was about to cross Spring street, when he saw the car approaching and stopped evidently to allow it to pass. He had the right to stand in the roadway of the street, where he was standing, while waiting for the car to pass down the street before him. He had no reason to suppose that the forward end of the car would keep on the track and the rear end take the switch and so make the spot where he stood a place of danger. *Kathmeyer* v. *Mehl,* 60 *Atl. Rep.* 40.

The alleged contributory negligence of the deceased was therefore at least a jury question and the motions to nonsuit and direct a verdict upon that ground were properly refused.

The result is that the judgment of the court below is affirmed.

