[L. A. No. 3070. In Bank.—February 13, 1914.]

DORA R. HOUSEL et al., Appellants, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Respondent.

NEGLIGENCE—COLLISION OF STREET CAR WITH WAGON—INJURY TO PASSENGER—RES IPSA LOQUITUR.—Where a street car collides with a wagon, and as a result a passenger on the car is injured, the doctrine of *res ipsa loquitur* applies in favor of the passenger, and a presumption of negligence arises against the railway company which it must rebut in order to escape liability.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Thomson & Spencer, for Appellants.

J. W. McKinley, R. C. Gortner, and C. W. Woolwine, for Respondent.

ANGELLOTTI, J.—The following statement is taken from the opinion of the district court of appeal of the second district, filed in this case:

"The action is one brought to recover damages for injuries alleged to have been received by plaintiff Dora R. Housel, who was a passenger upon a car of defendant, on account of the negligent operation of such car. The action was tried by a jury and a verdict rendered in favor of defendant. From the judgment entered upon such verdict, and from an order denying a new trial, plaintiffs appeal upon a statement.

"The injuries inflicted upon plaintiff Mrs. Housel were occasioned by reason of a collision between the car upon which she was a passenger and a hay wagon, both being upon the public streets of the city of Los Angeles. There is evidence in the record tending to show that the driver of the wagon, which was drawn by four horses and loaded with hay, going down a hill, lost control of his team, and that when about one hundred and fifty feet from the point of collision one of the horses fell; that the motorman in charge of the car, having an opportunity to and seeing the team approaching, made no effort to stop his car, but continued on at a high rate of speed, and the car was actually in motion at the time the collision occurred. In other words, there was evidence tending to show gross negligence on the part of the servants of defendant and that the injury was occasioned thereby. As is usual in cases of this character, there was a decided conflict in the evidence; that introduced by defendant tending to show that the accident was unavoidable and that its servants exercised the utmost care in the management of the car. Under this proof, the court properly instructed the jury as to the degree of care enjoined by law upon a carrier of passengers; that even the slightest negligence upon the part of defendant's servants rendered defendant liable, and that this was true even though some unavoidable accident or negligence of some other person may have also contributed to cause the accident."

The principal question in this case is whether the doctrine of *res ipsa loquitur* is applicable under the circumstances. This question arises in view of certain instructions to the jury given by the trial court, and the refusal of the court to give certain other instructions requested by plaintiffs.

The doctrine of *res ipsa loquitur* is thus stated in section 59 of Shearman & Redfield on the Law of Negligence (6th ed.), viz.: ''When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.'' This doctrine has been applied in a long line of cases in this state involving injuries to a passenger while being transported by a common carrier. The effect of the doctrine when applied to such cases, is that proof of the injury to the passenger while he was being carried as such creates a *prima facie* case or presumption of negligence on the part of the carrier, which the carrier is called upon to meet or rebut. ''The presumption that the injury was caused by the negligence of the carrier, which is raised upon the proof by the plaintiff that he was injured while being carried as a passenger, is itself a fact which the jury must consider in determining its verdict, and which, in the absence of any other evidence in reference to the negligence, necessitates a verdict in favor of the plaintiff.'' (See *Bush* v. *Barnett,* 96 Cal. 204, [31 Pac. 2] ; *Sambuck* v. *Southern Pac. Co.,* 7 Cal. Unrep. 104, [71 Pac. 174].) If the doctrine was applicable under the circumstances of this case, we do not see how it can successfully be disputed that the trial court erred in the matter of instructions to the jury. The learned judge of the trial court clearly believed that the doctrine was not applicable here, and expressly instructed the jury that ''the fact that an accident or collision happened is not to be considered by you as tending to prove negligence on the part of the defendant,'' and also that ''the mere fact that the team came in contact with the car is not of itself evidence of negligence on the part of the defendant. He also refused to give a requested instruction in line with what we have already declared to be the situation where the doctrine is applicable, and gave an instruction which, considered in connection with the whole

charge, negatived the theory that there was any presumption arising from proof of the accident, which the jury must consider as a fact in arriving at a verdict.

The theory of learned counsel for defendant is that the doctrine is not applicable here for the alleged reason that the injury was not caused by an instrumentality under defendant's control, or, at least, that the evidence on the question whether it was caused by such an instrumentality was conflicting.

As against the carrier, it appears to be settled by the decisions in this state, that under such circumstances as appear here, the doctrine of *res ipsa loquitur* is applicable in favor of the passenger. The question was squarely presented in *Osgood* v. *Los Angeles Traction Co.*, 137 Cal. 280, [92 Am. St. Rep. 171, 70 Pac. 169], where the injury was the result of a collision between two cars owned and operated by two different defendants independent of each other. It was held that the rule clearly applied to the proprietor of the vehicle occupied by the passenger. The statement in *McCurrie* v. *Southern Pacific Co.*, 122 Cal. 558, [55 Pac. 324], that "a *prima facie* case is established when the plaintiff shows that he was injured while being carried as a passenger by the defendant, and the injury was caused by the manner in which defendant used or directed the instrumentality under its control," was quoted approvingly, and the court said: "If the fault or negligence which was the proximate cause of the injury was attributable to some other vehicle under other and independent control, the defendant could so show, and that would be a good defense, but the presumption of defendant's negligence arises regardless of the fact that the injury may have been caused by some other agency." It was further said that the peculiar circumstances of this class of cases, when made to appear, afford reasonable evidence in the absence of explanation by the defendant that the accident arose from want of care. *Harrison* v. *Sutter Street Ry. Co.*, 134 Cal. 549, [55 L. R. A. 608, 66 Pac. 787], relied on by the defendant here, was there distinguished in such a way as to render it inapplicable here. The reasoning of this case is equally applicable to a collision of a car with a wagon as to that of two street cars belonging to different companies at a place of intersection of their tracks. The doctrine was also held to be applicable in

*Houghton* v. *Market St. Ry. Co.,* 1 Cal. App. 576, [82 Pac. 972], where the car of defendant railroad company in which the plaintiff was a passenger came into collision with a truck owned and operated by another defendant.    It was held that from the happening of the accident a presumption of negligence arose in favor of the passenger as against the railway company.    Decisions from other states to the same effect are to be found.    (See *Shay* v. *Camden etc. Ry. Co.,* 66 N. J. L. 334, [49 Atl. 547] ; *Olsen* v. *Citizens' Ry. Co.,* 152 Mo. 426, [54 S. W. 470] ; *Hill* v. *Ninth Ave. R. R. Co.,* 109 N. Y. 239, [16 N. E. 61].)    In section 121 of White on Personal Injuries it is declared that proof of collision of a car with a vehicle will ordinarily raise a presumption of negligence sufficient to justify a verdict, if the cause of the collision is not explained. (See, also, 2 Nellis on Street Railways, sec. 496; Booth on Street Railways, 2d ed., sec. 361.)    In *Shay* v. *Camden etc. Ry. Co.,* 66 N. J. L. 334, [49 Atl. 547], it was said: "Proof of the happening of a collision between the car in which she was carried and a vehicle in the public streets, an accident which, in the ordinary course of events, would not have happened if the proper care had been used by the motorman, raised an implication of negligence on the part of the company.    It was for the company to establish that the motorman was not, in fact, negligent."    The reason for the application of the doctrine in such cases appears to be practically as stated in this quotation, viz.: that in view of the very high degree of care essential under the law on the part of a carrier of persons toward those who are its passengers, such a collision would not happen in the ordinary course of events if the carrier exercised such care, and that ordinarily when such an accident occurs, it is due to failure on the part of the person operating the car to use the proper degree of care in so operating it, or, in other words, to "the manner in which defendant used or directed the instrumentality under its control."    As said in *Osgood* v. *Los Angeles etc. Co.,* 137 Cal. 280, [92 Am. St. Rep. 171, 70 Pac. 169], it is always open to the carrier to show, in reply to the *prima facie* case thus made, that there was no failure on its part to use due care.    As has been suggested in some of the cases, the means of proving the specific facts as to the cause of the accident are peculiarly within the power of the carrier, and the explanation should come from it, rather

than from the passenger, who very often is unable to ascertain and prove the real facts.

There is some conflict of authority upon the proposition we have been discussing. This court, however, has heretofore adopted the view we have set forth, and we see no good reason to depart therefrom.

We see nothing in the claim that the theory on which the case was tried was such as to make immaterial the matter we have been discussing.

In view of what we have said, we are of the opinion that the district court of appeal was correct in its conclusion that a reversal must be had.

As was said by the district court of appeal, it is unnecessary to pass upon the alleged misconduct of counsel for defendant, as it is not presumable that a repetition of the matters claimed to constitute misconduct will occur on another trial.

The judgment and order denying a new trial are reversed.

Shaw, J., Sloss, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.