ADAM CORKHILL AND WIFE v. THE CAMDEN AND SUB-URBAN RAILWAY COMPANY.

Submitted December 5, 1902—Decided February 24, 1903.

The motorman of an electric street railway car started his car at moderate speed to cross an intersecting steam railroad consisting of three tracks, after his conductor had gone forward upon the crossing and had used proper care to ascertain that no railroad train was to be expected; while thus proceeding over the crossing at moderate speed, the motorman became suddenly aware of a railroad train rounding a curve nearby and coming toward his car at a high rate of speed without timely warning by bell or whistle; a collision seemed imminent and was in fact narrowly averted; the motorman, on seeing the danger, instantly applied all power and increased the speed of his car to the utmost in order to escape the collision; it was claimed that in the lurch of the street car thereby occasioned, a passenger was thrown to the floor of the car and injured. *Held*, that a verdict attributing negligence to the motorman on these facts cannot be supported.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiffs, *Howard Carrow.*

For the defendant, *Joseph H. Gaskill.*

The opinion of the court was delivered by

PITNEY, J. This action was brought against the present defendant and the Pennsylvania Railroad Company, to re-

cover damages for personal injuries alleged to have been sustained by Mrs. Corkhill while a passenger upon a street car of the Camden and Suburban Railway Company at the crossing of that railway over the tracks of the Pennsylvania Railroad Company. Upon the trial a nonsuit was ordered with respect to the latter company. This ruling is not complained of. The plaintiffs recovered verdicts as against the present defendant, and a new trial is asked because those verdicts are against the weight of the evidence.

With respect to the liability of the Camden and Surburban Railway Company, the questions raised are—*first,* was there negligence on the part of the motorman or conductor in attempting to cross the tracks of the steam railway; *secondly,* was there negligence on the part of the motorman in suddenly increasing the speed of the car while upon the crossing, and *thirdly,* did such negligence, if any, result in a physical injury to Mrs. Corkhill.

Taking the evidence most strongly in favor of the plaintiffs, it shows that while Mrs. Corkhill was seated in an electric street railway car, operated by the employes of the present defendant, the car came to the crossing of the steam railroad (which consisted of three tracks) at Twelfth and Federal streets in the city of Camden; that it stopped before entering upon the crossing; that the gates were at this time down; the conductor of the electric car went forward to the centre of the crossing and looked for trains upon the steam railway; he saw no train save a freight train, which was standing on one of the tracks nearby; the railroad flagman told the conductor to cross, as the train was going to stand there; then the gates were raised, the conductor beckoned to the motorman to come ahead, and he did so; thereupon the electric car started over the crossing at a moderate speed; while it was passing over, a train unexpectedly approached on the railroad, rounding a curve, and, so far as the evidence shows, giving no signal by bell or whistle. The evidence shows that a collision appeared imminent; the flagman upon the railroad waved a red flag in front of the locomotive, in order to avert a collision, and the train was finally stopped within fifty feet

of the electric car. The situation was so critical that every passenger in the car was alarmed, and stood up and looked out of the windows; and the motorman, seeing the danger, instantly applied all power, in order to carry his car across as quickly as possible. Mrs. Corkhill's story is that, by the sudden lurch caused by the increased speed of the electric car, she was thrown to the floor, and the inference sought to be drawn from this is that the fall caused the paralysis from which she has since suffered.

The case is devoid of evidence to show any want of care in either conductor or motorman in attempting the crossing; on the contrary, there is affirmative evidence to show that the conductor took every reasonable precaution, and that neither he nor the motorman had any warning that a train was coming.

As to the conduct of the motorman in turning on full power when confronted with the imminent danger of a collision, his act evidenced complete presence of mind and the exercise of the highest degree of care. If, on being confronted with such a danger, he had failed to make extraordinary efforts to increase his speed, there would perhaps have been ground to charge him with negligence, and the only excuse would have been that, in the sudden peril, he lost his presence of mind. If he had presence of mind (as he manifestly had), it was his plain duty to instantly apply the utmost power possible, in order to carry his passengers across without loss of life. Even though that might necessarily result in some danger of bruising, or even of more serious personal injury to the passengers, such injury was far preferable to the loss of life of one or more of the passengers, which would undoubtedly have resulted from a collision with the locomotive.

The cases that have held street railway companies liable for injuries to passengers caused by the lurch of a car have gone upon the ground that there was a sudden increase of speed under circumstances that evinced a disregard of the safety of the passengers. *Consolidated Traction Co.* v. *Thalheimer,* 30 *Vroom* 474; *Scott* v. *Bergen County Traction Co.,*

34 *Id.* 407. See, also, *May* v. *North Hudson County Railway Co.*, 20 *Id.* 445; *Haile* v. *Clayton & Hoff Co.*, 32 *Id.* 197; *Burr* v. *Pennsylvania Railroad Co.*, 35 *Id.* 30; *Paynter* v. *Bridgeton Traction Co.*, 38 *Id.* 619.

In the present case the trial judge properly charged the jury, in effect, that, unless there was negligence on the part of the conductor in allowing the car to cross without exercising proper vigilance, or negligence on the part of the motorman in managing the car as it crossed the railroad, the plaintiff could not recover.

The finding of the jury that there was such negligence was contrary to the great weight of the evidence.

It is therefore unnecessary to deal with the question whether Mrs. Corkhill's paralysis did not result, according to the great weight of the evidence, from mere fright, as insisted by the defendant, rather than from her being thrown to the floor of the car, as claimed by the plaintiffs.

The rule to show cause will be made absolute.