JOHN DAGGETT AND NELLIE DAGGETT, HIS WIFE, PLAINTIFFS, DEFENDANTS IN ERROR, v. NORTH JERSEY STREET RAILWAY COMPANY AND E. A. WILLIAMS, DEFENDANTS, PLAINTIFFS IN ERROR.

Argued June 28, 1907—Decided November 18, 1907.

1.. A request to charge that would have required the jury to acquit the defendant railway company of negligence, even though the quick effort of the motorman to stop the car were made carelessly and negligently, was properly refused.

2. Where, in an action against a street railway company and the owner of a wagon for injuries to a passenger in a car of the railway company caused by a collision between the car and the wagon, there was proof from which the jury might infer negligence of the driver of the wagon, there was no error in refusing to nonsuit the plaintiff on the motion of the owner of the wagon.

3. Where the plaintiff had made out a *prima facie* case of negligence, calling for explanatory evidence on the part of both defendants, it was not erroneous for the trial judge to refuse a request to charge that "the burden of proving negligence on the part of the defendant E. A. Williams Company is upon the plaintiff," in view of the fact that he did charge that "the case having now closed and all the evidence on both sides having gone in, it is all, without any reference to which side it came from, so much material for your judgment to act upon, and that in order that you should be satisfied that the E. A. Williams Company was negligent, it must appear to you, from all the evidence in the case, that that conclusion is established."

4. An error of the court in sustaining an objection to a question on cross-examination, when the witness has already testified fully, during the course of the cross-examination, in respect to the matter excluded, and the party has the opportunity of pursuing his cross-examination as to the real question to which the excluded question was merely preliminary, is not reversible error.

5. A hypothetical question to an expert which assumes the facts in accordance with the theory of the party asking it, and which the evidence tends to prove, is proper where, although the facts are disputed, there is ample testimony tending to support every phase of the question, and sufficient to justify the submission thereof to the jury. It is not necessary that the question should embody all of the facts exhibited by the evidence; it is sufficient, on the contrary, if it embodies such a state of facts, fairly within the range of the evidence, as counsel propounding it deems to have been proved.

6. The true rule is that the driver of a wagon has the right of way, if, proceeding at a rate of speed which, under the circumstances of the time and locality, was reasonable, he reaches the point of crossing in time to safely go upon the tracks in advance of the approaching street car, the latter being sufficiently distant to be checked, and, if need be, stopped before it reaches him. A request to charge on the subject of the right of way, which ignored the limitations of that rule, was properly refused.

7. The omission of a trial judge to instruct a jury on a particular point is not assignable as error unless such instruction be specially requested.

8. A party has no just cause of complaint where, although his requests for instruction have been refused, the court embraced them in its charge, so far as they stated correct propositions of law.

On error to the Essex County Circuit Court.

For the plaintiff in error North Jersey Street Railway Company, *John A. Bernhard* and *Hobart Tuttle.*

For the plaintiff in error E. A. Williams, *John J. Hoppin* and *Harry V. Osborne.*

For the defendants in error, *Harry Kalisch.*

The opinion of the court was delivered by

TRENCHARD, J. This writ of error brings under review a judgment of the Essex Circuit Court in favor of the defendants in error, the plaintiffs below.

The action was one of tort for negligence.

Upon the trial there was evidence tending to prove the following facts: Nellie Daggett, wife of John Daggett, was a passenger on a trolley car of the North Jersey Street Railway Company, which was propelled along Bloomfield avenue, in the city of Newark, and which collided with a wagon of the other defendant company, E. A. Williams, at the corner of Bloomfield avenue and Parker street. The car was an open car, and the plaintiff sat in the first cross-seat ·inside the car, with her back to the motorman. The plaintiff heard a crash, her head was thrown backward and struck the woodwork of

the car, and she was injured. The collision occurred in broad daylight, in a straight avenue. The car was moving on the southbound track. The wagon was approaching the car on the northbound track. The driver of the wagon turned to cross the southbound track for the purpose of driving into Parker street. There were no obstructions to the view of the two men who were charged with the management of the two vehicles. The motorman could see the driver and his wagon. The driver could see the motorman and his car, and each did see the other.

The case was submitted to the jury, who found a verdict for the plaintiffs.

The defendant the North Jersey Street Railway Company sued out a writ of error, and the defendant E. A. Williams Company joined in the prosecution of the writ by virtue of the act of 1906, and has assigned errors in its own behalf.

The sole assignment of error relied upon by the defendant railway company is based upon the refusal of the learned trial judge to charge the jury specifically the following request: "That if the motorman of the car suddenly found himself, without any negligence on his part, in a dangerous position, and exercised a quick effort to stop the car, thereby causing the plaintiff's head to be thrown back, the company would not be liable." If the plaintiff's contention as to the state of the proofs is correct, there was no basis in the evidence for the hypothesis proposed by this request. If this be so, it of course was properly refused.

But whether this be so or not, we think it was properly refused. Reliance is placed by the railway company upon the case of *Corkhill* v. *Camden and Suburban Railway Co.,* 40 *Vroom* 97. That case came before the Supreme Court on a rule to show cause, and there was no evidence to show any want of care in either motorman or conductor in attempting to cross the railroad tracks, and, on the contrary, there was affirmative evidence to show that the conductor took every reasonable precaution. Mr. Justice Pitney, speaking for the court, held that, with respect to the conduct of the motorman in turning on full power when confronted with the impending

danger of a collision with the railroad train, his act evinced complete presence of mind and the exercise of the highest degree of care. But this was a finding of fact, or rather a finding of a conclusion that was supported by the overwhelming weight of evidence. At the same time he pointed out that the cases holding street car companies liable for injuries to passengers caused by a lurch of the car had gone upon the ground that there was a sudden increase of speed under circumstances that evinced a disregard of the safety of passengers—that is, under circumstances of negligence.

The fatal defect in the request under consideration is that it would have required the jury to acquit the defendant railway company, even though the quick effort of the motorman to stop the car were made carelessly and negligently. In the Corkhill case the overwhelming weight of the evidence showed that the increase of speed was applied in the exercise of a high degree of care. If that hypothesis (care in the motorman) had been imported in the request under consideration, then the request would have been proper, provided there was any evidence to support the theory of fact upon which it was based.

The first assignment of error on behalf of the defendant E. A. Williams Company requiring consideration challenges the correctness of the refusal of the motion to nonsuit the plaintiff.

From an examination of the evidence on the part of the plaintiff sent up with the bill of exceptions, we think there was *prima facie* evidence of negligence of the defendant Williams Company.

Reviewing the evidence on the part of the plaintiff, we perceive that it tended to show that the wagon of the defendant Williams Company, driven by its servant, collided in broad daylight with the car of the defendant railway company, running on a straight track on a straight street, and in the collision the plaintiff was hurt. The driver of the wagon testified that at the point where the collision took place "you can see three miles" along the car track.

In view of the duty that is imposed upon all users of the

public highway to exercise reasonable care to avoid collision with each other, such a *prima facie* case as was made ·by the plaintiff properly called for explanatory evidence on the part of both defendants. So to hold will put the case in accord with *Sheridan* v. *Foley*, 29 *Vroom* 230; *Trenton Passenger Railway Co.* v. *Cooper*, 31 *Id.* 219; *Bergen County Traction Co.* v. *Demarest*, 33 *Id.* 755.

Furthermore, the case so made by the plaintiff was one upon which she was entitled to have a finding by a jury, because whether the facts proved on her part spoke of actionable negligence by the defendants or not was at least a matter debatable by fair-minded men. *Mahnken* v. *Freeholders of Monmouth*, 33 *Vroom* 404.

The question was not what the trial judge would infer from the evidence, but whether the jury might legitimately conclude that the proofs of the plaintiff showed the defendant Williams Company to have been negligent. *Newark Passenger Railway Co.* v. *Block*, 26 *Vroom* 605; *Traction Company* v. *Scott*, 29 *Id.* 682.

The application of these principles to the facts of the present case justified, and indeed required, the refusal of the motion of nonsuit.

The second assignment of error on behalf of the defendant Williams Company requiring consideration is based upon the exception to the refusal of the trial judge to charge a request as follows: "The burden of proving negligence on the part of the defendant E. A. Williams Company is upon the plaintiff."

Where, as in this case, the plaintiff had made out a *prima facie* case of negligence, calling for explanatory evidence on the part of both defendants, it was not erroneous for the trial judge to refuse the request in question, especially in view of the fact that he did charge that "the case having now closed, and all the evidence on both sides having gone in, it is all, without any reference to which side it comes from, so much material for your judgment to act upon, and that in order that you should be satisfied that the E. A. Williams Company was negligent it must appear to you, from all the evidence .in the case, that that conclusion is established." *Shay* v. *Cam-*

*den and Suburban Railway Co., 37 Vroom* 334; *Bergen County Traction Co.* v. *Demarest, supra.*

The third assignment of error requiring notice relates to the action of the trial judge in overruling a question asked by counsel of the defendant Williams Company, on cross-examination of Mrs. Landmasser: "Well, was there anything unusual about the speed of this car?"

The question was objected to as leading, which of course is not a good objection to a question asked on cross-examination.

Assuming, but not deciding, that the defendant Williams Company was entitled to show that the speed of the car was unusual, we think the exclusion of this particular question was, under the circumstances, harmless, and therefore not reversible error.

The cross-examination of the witness proceeded as follows:

"*Q.* Now, as you approached the scene of the accident, how fast did you say the car was going?

"*A.* Pretty fast.

"*Q.* Pretty fast?

"*A.* Yes, sir.

"*Q.* Anything extraordinary about the speed?

"Mr. Bernhard—I object. That is not cross-examination, as far as you are concerned.

"The Court—Do you object on the ground that it is leading?

"Mr. Bernhard—Yes, I do.

"The Court—Objection sustained. Ask her what she means by 'pretty fast?'

"*Q.* What do you mean by 'pretty fast?'

"*A.* It was going rapidly.

"*Q.* Rapidly?

"*A.* Yes, sir.

"*Q.* Is that the best answer you can give to me as to what you mean by 'pretty fast?'

"*A.* It was going fast; that is all the answer I can give you.

"*Q.* Do you know how fast trolley cars ordinarily run?

"Mr. Bernhard—I object to that as immaterial.

"The Court—I do not think it is possible to answer that question.

"*Q.* Well, was there anything unusual about the speed of this car?

"Mr. Bernhard—Objected to as leading.

"The Court—Objection sustained.

"Counsel for defendant E. A. Williams Company prayed and was allowed an exception to this ruling of the court."

It will be noticed that the witness had testified that the car was going "pretty fast," and she had stated "that is all the answer I can give you." It is quite evident that the real question in this connection was this: What was the speed of the car? The question excluded can only be regarded as preliminary to that. In any other view it had no probative force. Its exclusion did not conclude the cross-examination. It might have been followed by the direct question as to what was the speed of the car, even though the court did rule out the preliminary question. The trial judge had already indicated what the real question was, and that the examination might be pursued along that line.

An error of the court in sustaining an objection to a question on cross-examination, when the witness has already testified fully, during the course of the cross-examination, in respect to the matter excluded, and the party has the opportunity of pursuing his cross-examination as to the real question to which the excluded question was merely preliminary, is not reversible error. *Thomp. Tr.,* § 707; *Bonnet* v. *Glattfeldt,* 120 *Ill.* 166.

The fourth assignment of error on behalf of the defendant Williams Company relates to the admission of a hypothetical question. The question to which objection was made was asked by counsel for plaintiffs of Dr. Post, on direct examination. It was as follows:

"*Q.* Now, doctor, assuming that the plaintiff was a passenger on a car, and the car came into collision with a wagon, by means whereof her head was thrown back with sufficient force to break her back comb and to render her unconscious, and that she remained unconscious for a long period of time

—more than an hour; that she was taken to a hospital, and then could recall for the first time where she was, and then that she had after this periods of severe headache and pain in the spine and nervous feelings; that before that time she had been a woman in good health—to what would you attribute this condition?"

The contention of the defendant is that this question was objectionable on the alleged ground that it did not embody the facts and all of the facts as proved.

A hypothetical question to an expert, which assumes the facts in accordance with the theory of the party asking it, and which the evidence tends to prove, is proper where, although the facts are disputed, there is ample testimony tending to support every phase of the question, and sufficient to justify the submission thereof to the jury. *Jackson* v. *Burnham,* 20 *Colo.* 532; *Thomp. Tr.,* § 606.

It is not necessary that hypothetical questions should embody all the facts exhibited by the evidence. It is sufficient, on the contrary, that they embody such a state of facts, fairly within the range of the evidence, as the counsel propounding them deem to have been proved. *Thomp. Tr.,* § 610.

An examination of the evidence shows that the question objected to was well within the rule above stated.

The fifth assignment of error requiring remark relates to the refusal of the trial judge to charge a request submitted on behalf of the defendant Williams Company as follows: "The vehicle reaching the point of crossing first, going at the rate of speed at which they were approaching the crossing, had the right of way."

We think this request was properly refused. The true rule is that the driver of the wagon would have had the right of way if, proceeding at a rate of speed which, under the circumstances of the time and locality, was reasonable, he should reach the point of crossing in time to safely go upon the tracks in advance of the approaching street car, the latter being sufficiently distant to be checked, and, if need be, stopped, before it should reach him. *Electric Railway Co.* v. *Miller,* 30 *Vroom* 423.

The request under consideration entirely ignored the limitations of that rule, and was properly refused.

The sixth assignment of error requiring consideration on behalf of the defendant Williams Company rests upon an exception to the charge of the court, which exception is based upon an omission to charge.

The omission of a trial judge to instruct a jury on a particular point is not assignable as error, unless such instruction be specially requested. *Camden and Atlantic Railroad Co. v. Williams, 32 Vroom* 646.

There being no request to charge the matter in question, its omission is not reversible error.

The remaining assignments of error requiring remark all relate to the refusal of the trial judge to charge several requests.

An examination of all of them, in connection with the charge, shows that they were all in effect acceded to by the trial judge.

A party has no just cause of complaint where, although his requests for instruction have been refused, the court embraced them in its charge, so far as they stated correct propositions of law. *Thomp. Tr.,* § 2351.

We have examined with care all other assignments of error, and find none requiring comment.

The result is that the judgment below should be affirmed.

*For affirmance*—MAGIE, CHANCELLOR, THE CHIEF JUSTICE, GARRISON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, DILL, J.J. 13.

*For reversal*—None.