## MARGARET POLGAR AND MICHAEL POLGAR v. VICTOR J. KANTOR AND PHILIP SIMON.

Argued May term, 1925—Decided October 29, 1925.

Negligence—Landlord and Tenant—Leaky Roof—Plaintiff, Tenant, Slipped on Wet Floor, Causing a Fall Down Stairs—Knowledge of Defective Roof Would Not Justify Court in Charging Assumption of Risk or Contributory Negligence—No Error Found in Court's Charge—Judgment Excessive and Reduced.

On rule to show cause.

Before Justices PARKER, MINTURN and BLACK.

For the rule, *Frank G. Turner.*

*Contra, Ward & McGinnis.*

PER CURIAM.

The suit was tried in the Passaic Circuit, before the court and a jury, and a verdict rendered for Margaret Polgar for $6,750 and for Michael Polgar for $1,000.

The defendant obtained this rule to show cause. The action was by husband and wife, as tenants, to recover damages for injuries to plaintiff's wife, by reason of alleged negligence in the defendant landlord in omitting to repair the roof of the house in which plaintiffs were tenants.

There was evidence that the roof was in such a defective condition as to allow rain to enter into plaintiffs' apartment, as well as the hall; that defendants were notified by the tenants and janitor several months before the accident; that defendant promised plaintiff that if they would not move from the premises the roof would be repaired; that upon entering the hall the plaintiff slipped on a wet floor and fell down a flight of stairs. The mere fact that the plaintiff knew the roof was defective, and that water leaked through

during stormy weather, would not, *ipso facto,* justify the court, as a matter of law, in finding that the plaintiff assumed the risk or was chargeable with contributory negligence in using the premises under the conditions.

The next point is that the verdicts are excessive. There was evidence that the plaintiff was healthy before the accident; that the injuries affected her breast, bladder and hip, and produced a fractured rib, from all of which she developed traumatic neurasthenia.

It is insisted as error that the jurors were asked if any of them were stock or bondholders of an insurance company. Upon that ground the defendant asked for a mistrial, which was denied. The motion was made on the ground that the question tended to bias the jury. It is contended in the brief that the question was objectionable, in that it was an omnibus one (*Boyd* v. *Husted,* 127 *Atl. Rep.* 667), but this objection was not raised on the trial, and is therefore not available here. It is charged as error that Dr. Hoffman was permitted to answer question, "Has her [plaintiff's] mind been affected or not?" *A.* "Her mind has been affected. But she is not insane." The objection is that the doctor was not qualified. We think he was qualified, and that the question was not improper or irrelevant upon the question of damages.

It is also contended that the court erred in charging that the husband would be entitled to recover the amount of wages his wife would have received. The wife worked in a factory, and in the complaint claimed damages for loss of wages. This, perhaps, was erroneous, but since it was the wife and not the defendant who was injured, it was, at least, harmless to the defendant. 63 *Atl. Rep.* (*Pa.*) 470.

We have, however, concluded, after a review of the testimony, that while the verdict in favor of the husband for $1,000 may stand, the verdict for the wife is excessive, and should be reduced to $5,000. If this reduction be acceptable the rule will be discharged, otherwise it will be made absolute.