GEORGE MOLNAR ET AL., RESPONDENTS, v. HILDEBRECHT ICE CREAM COMPANY AND CHARLES H. SUTORIUS, TRADING AS TEX WRECKING SERVICE, APPELLANTS.

Argued October 26, 1932—Decided January 31, 1933.

For the respondents, *Harry Heher* and *Martin P. Devlin & Son.*

For the appellants, *James J. McGoogan.*

The opinion of the court was delivered by

BROGAN, J. The instant case brings to this court an appeal from ten judgments for plaintiffs recovered in the Supreme Court Circuit of Mercer county. Three of the cases had been brought in the Supreme Court, Mercer Circuit, and three in the Mercer County Circuit Court. Five suits were for personal injuries and one for death, brought by an administratrix *ad prosequendum* under the Death act. The six cases were then consolidated and the following verdicts obtained by the several plaintiffs:

(a) (1) George Molnar, an infant, personal injuries, verdict .................. $2,500.00

(2) Andrew Molnar, father, loss of services, &c. .......................... $250.00

(b) (3) Yustina Rosinski, admrx. *ad prosequendum,* verdict .................... $12,500.00

(c) (4) John Brovak, an infant, personal injuries, verdict ................... $500.00

(5) Michael Brovak, father, loss of services, &c. .......................... $100.00

(d) (6) Anna Hage, personal injuries ....... $2,500.00

(e) (7) Doris Cook, an infant, personal injuries, $2,500.00

(8) Mary Cook, her mother, loss of services, &c. .......................... $250.00

(f) (9) Edna O'Shea, an infant, personal injuries ......................... $2,500.00

(10) Mary O'Shea, her mother, loss of services, &c. ...................... $250.00

A rule to show cause was obtained in each case and discharged by the trial court, after argument, except in that of Yustina Rosinski, administratrix *ad prosequendum,* where the trial court reduced the verdict to $8,500, which sum that plaintiff accepted.

The claims of these parties arose out of the following happenings, and under these circumstances: On August 2d, 1929, the defendant Hildebrecht Ice Cream Company, was in control of the operation of an automobile truck, loaded with ice cream, at the southeast corner of Lamberton and Cass streets, a public highway in the city of Trenton, New Jersey, and it appears that the driver, in order to avoid striking an automobile moving easterly to this intersection, made a sharp left-hand turn which resulted in the truck being overturned near the said southeast corner where it lay for perhaps half an hour before the happenings, complained of, occurred. During this half hour interval, Tyler, the foreman of the Hildebrecht Ice Cream Company's maintenance department, summoned Charles H. Sutorius, trading as the Tex Wrecking Service, the other defendant here, who was in the business of

removing disabled automobiles and who, shortly thereafter, arrived with his automobile truck and apparatus and set to work at righting the truck and removing it from the highway.

There was evidence in the case that Sutorius and Tyler together applied themselves to the task of removing the truck; that they first placed hooks upon parts of the truck which were affixed to cables, which, in turn, were attached to a winding drum, which was part of the apparatus of the wrecker. The first effort to raise the truck was unsuccessful and there was testimony that on this first attempt it was raised perhaps twelve inches from the ground, then was lowered again, settling with a jar, followed by a rush of black smoke almost immediately and then flames. Now prior to this, gasoline had leaked from the tank of the overturned truck onto the street. The truck driver had been dispatched by Tyler, the foreman, to get a policeman to the scene and during his absence, the gasoline on the roadway flared up and the six persons were burned, one of whom died from his injuries. Suit was brought by or on behalf of all these persons against the Hildebrecht Ice Cream Company and Sutorius jointly and verdicts for plaintiffs obtained.

Preliminary to considering the grounds for reversal, certain questions must be settled. The reasons assigned on rule to show cause in each case obtained on behalf of Hildebrecht were (1) that the verdicts were excessive; (2) that the verdicts were contrary to the charge of the court, reserving for appeal (a) that the plaintiffs should have been nonsuited; (b) that there should have been a direction of verdict in favor of the defendant, and (3) testimony which was objected to was admitted by the trial court.

On the rules to show cause obtained in behalf of the other defendant, Sutorius, or Tex Wrecking Service, the reasons filed in support of the rule were (1) verdicts were excessive; (2) verdicts were contrary to the charge of the court, and (3) verdicts were against the weight of the evidence. The legal questions reserved by this defendant were (a) plaintiffs should have been nonsuited on the opening made by counsel; (b) plaintiffs should have been nonsuited at end of their case;

(c) defendant should have had a direction of verdict in its favor at the end of the whole case, and (d) admission of testimony by trial court over objection.

These several points set out in connection with the rules to show cause and the questions reserved for appeal become important in the light of the argument made in this court by counsel for the respondents who argue as follows: Since the reasons filed, upon which motion for a new trial is rested, include the point that the verdict is contrary to the weight of evidence and, after hearing, the court discharges the rule, the defendants estop themselves from arguing the questions of nonsuit or direction of verdict on appeal even though same are reserved. In support of this contention, counsel relies upon *Holler* v. *Ross,* 67 *N. J. L.* 60, and *Cleaves* v. *Yeskel,* 104 *Id.* 497. Counsel urges, in a word, that the questions are *res adjudicata.* That would be sound were it not for the fact that the second reason, namely, that the verdict was contrary to the charge of the court in the Hildebrecht's case, and the same reason with the additional one that the verdict was against the weight of the evidence in the Sutorius case were, by order of the trial court and on application by counsel for each defendant below, exscinded from the reasons filed by such counsel for setting aside these verdicts. In other words, they were set up at first but expressly not considered or adjudicated on the argument of these several rules to show cause, only one ground having been argued (*i. e.,* amount of verdict) and adjudicated, with the result mentioned above.

It is of course obvious that the theory and conduct of counsel in arguing a rule to show cause, and latterly an appeal to a higher tribunal, must be consistent. If it be argued in support of a rule to show cause that the jury's finding was contrary to the charge of the court, it is a postulate of that statement that the charge to the jury, had it been followed by the jury, would have resulted differently. This is another way of saying that the charge to the jury was without fault as a matter of law. It is equally obvious that the court is in control of the rule to show cause allowed and the reasons that are filed, to this extent that it may state on the record by

order or rule that certain of the reasons filed have not been urged and are withdrawn from consideration and that the filed reasons may be amended by rule or order to that extent. These reasons, therefore, (a) that the verdict was contrary to the charge of the court, and (b) against the weight of the evidence, having been withdrawn from the consideration of the trial court and with the court's consent, are not *res adjudicata.*

The reasons for reversal filed by these two appellants are quite similar. The appellant, Hildebrecht Ice Cream Company, urges that it was error that a judgment should be given in favor of the plaintiffs below and against the defendant; that no negligence on the part of the Hildebrecht company was shown, while respondents were guilty of contributory negligence; that there should have been a direction of verdict in favor of the defendant Hildebrecht company because no negligence was proven and the plaintiffs below were guilty of contributory negligence, and that the Hildebrecht company employed the co-defendant, Tex Wrecking Service, as an independent contractor to lift the truck in question and if the upsetting of this truck on the highway was due to Hildebrecht company's negligence in the first instance and there was negligence on the part of the Tex Wrecking Service, in attempting to raise the truck, these two, as defendants, were improperly joined.

Four other reasons for reversal, which attack the court's charge to the jury, are perforce abandoned because they were not reserved on the argument of the rules to show cause. Two additional reasons are urged for the Hildebrecht company; that the court disallowed defendant's demand for particulars; that the court admitted, over objection, certain evidence of an expert witness.

The reasons for reversal assigned on behalf of the Tex Wrecking Service are in the main identical with those of the co-defendant, and as we view this case the legal disposition of the ground for reversal in the one case is equally dispositive of the same ground in the other.

Certain grounds of appeal for the defendant Sutorius which

complain of error in the court's charge, will not be considered here because they, too, were not reserved in the rule to show cause, obtained and argued on his behalf, nor will the reason for reversal, that the plaintiffs should have been nonsuited on the opening of counsel, be considered, because it has not been argued.

Now on the main questions of this appeal we are confronted by the following facts:

The truck of the Hildebrecht Ice Cream Company has been overturned and is lying on its side on the public highway. Gasoline has been escaping through the vent hole in the gasoline cap, located in the forward part of the automobile truck. The cap had been removed for a short time by some unknown person and during that interval gasoline had flowed and found its way to the roadway; its odor is noticeable. Whether the automobile truck turned over through the negligence of the driver was a question of fact for the jury. It was a fair and logical inference for the jury, under the testimony, to conclude that the machine was out of the control of the driver at the time that it overturned. Prescinding from that consideration, we find an overturned truck on the streets, gasoline having escaped from the tank, at the time Sutorius, the wrecker, with the aid and co-operation of the Hildebrecht agent, Tyler, began the work of putting the truck back on its four wheels. It would hardly be possible to select two people that had, or ought to have, more knowledge of the task they were undertaking. Tex Wrecking Service is in the business of doing this work and holds itself out as competent to do it. Tyler, the employe of Hildebrecht company, is the foreman of the maintenance department which position he had held for thirteen years at the time of this accident. Surely he knew, or should have known, the danger that attended the operation that he and Sutorius were about to undertake. It was a question of fact for the jury whether their conduct at the time and place and under the existing circumstances was reasonably prudent when we consider that these men were possessed of the knowledge that they had of the dangerous instrumentality with which they were dealing.

Was their conduct negligent and was this negligence the proximate cause of the injuries sustained by the plaintiffs below? These were questions of fact for the jury to answer.

It is strenuously argued that the plaintiffs below were guilty of contributory negligence. Now these people were in a place where they had a perfect legal right to be, on the sidewalk or roadway of a public thoroughfare. We cannot agree that merely standing near an overturned truck was so obviously dangerous to the mind of the average prudent person that he would, as a matter of law, be guilty of contributory negligence, if injured, while so standing.

The case of *Sarno* v. *Gulf Refining Co.*, 99 *N. J. L.* 340, relied upon by the appellant Hildebrecht company, is not in point because there, manifestly, the damage was done through the act of an independent contractor over whom that defendant had no control. Here Sutorius, no matter what the intention was when he was hired to take away the wrecked truck of the Hildebrecht company, became in fact, as a jury might find, the co-worker, if not the servant or agent of the Hildebrecht company when the Hildebrecht agent or employe, acting within the plain scope of his authority and duty, lent himself with Sutorius to the task of clearing the highway. This was plainly a jury question. *Riley* v. *Jersey Leather Co.*, 100 *Id.* 300.

In his argument that a nonsuit or a direction of verdict should have been granted, counsel for the appellant, Hildebrecht company, in his brief, at one stage argues that it was contributory negligence for the injured parties to have stood so close to the overturned truck, obviously dangerous, and under the same heading sets out the precautions taken by the Hildebrecht foreman in sending for the police, adjusting machinery to meet the exigency, sending for the salvage company, warning the people, to show, we suppose, no negligence on the part of that appellant, and concludes this point by saying: "Not one person saw any danger in the situation." If that be true one wonders why the necessity for all these precautions presented itself to the mind of the foreman. The fact is, from all the testimony in the case, that it is apparent

that the imminent peril to the bystanders was recognized, or should have been recognized, by both these defendants, and the question of contributory negligence on the part of the plaintiffs, under these circumstances, properly became a jury question.

The rule is that in order to justify a nonsuit or a direction of verdict on the ground of contributory negligence, such contributory negligence on the part of a decedent must appear conclusively as a fact or by necessary exclusive inference from the proof. *Pennsylvania Railroad* v. *Middleton,* 57 *N. J. L.* 154; *Danskin* v. *Pennsylvania Railroad,* 79 *Id.* 526. This applies to the Rosinski case.

As to the other respondents, certainly it is not so clear as to be undisputed that their negligence contributed to their injury. In this posture of affairs where the defendants set up want of such care on the part of the plaintiffs as to amount to contributory negligence and the plaintiffs deny this testimony, the determination of the fact issue rests with the jury, where the trial court placed it. The motion for nonsuit and for direction of verdict made by each of the defendants and for the reasons advanced by counsel for each defendant was properly denied. When a directed verdict is sought on the ground of contributory negligence, the rule is that such verdict will not be directed unless the facts are undisputed and the inferences to be drawn therefrom be such that fair-minded men ought not to disagree about them. *Podolsky* v. *Sautter,* 102 *N. J. L.* 598.

The next ground for reversal is that the court denied the bill of particulars sought on behalf of the defendants. The purpose of a bill of particulars is to inform the party seeking the information so that he may be in a position to adequately answer the previous pleading. *Watkins* v. *Cope,* 84 *N. J. L.* 143. Of necessity there is a certain discretion on the part of the trial court as to the particulars he thinks, in his sound discretion, are essential to enable the party propounding them to properly formulate his answering pleading. We think in the instant case that the court wisely exercised this discretion and that the defendants suffered not the slightest injury

by not obtaining through demand for particulars the information sought. Many of the questions propounded in the demand were allowed; many others in the several cases denied, without harm to the defendants.

The final ground for reversal is that the trial court improperly permitted testimony from an expert witness over objection of defendant. It is argued that the witness had not qualified. In our judgment, the witness had qualified for the purposes for which his testimony was offered. The questions were proper and it was not error to receive the testimony. The witness was asked a hypothetical question predicated upon evidence in the case, including facts elicited on cross-examination, and along the theory of the plaintiffs' case, and was properly permitted to answer. Of course it was the privilege of defendant to thoroughly cross-examine the witness, to propound on cross-examination questions predicated on any and all the facts in the case and along the line of the defendant's theory of the case and in that way expose any weakness or vice in the plaintiffs' theory of the case, if it existed. This was not done.

A hypothetical question is without fault legally if by it the opinion of an expert is asked, and the question is predicated upon facts, in accordance with the theory of the plaintiff in the case and which the evidence tended to prove. This rule has long had the approval of this court. *Birtwistle* v. *Public Service Railway Co.*, 94 *N. J. L.* 407; *Daggett* v. *North Jersey Street Railway Co.*, 75 *Id.* 630; *Thomp. Tr.*, §§ 607, 610.

Concluding as we do that the record as attacked by the grounds for reversal filed by both appellants is without error, the judgments entered in the court below are therefore affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, KAYS, HETFIELD, WELLS, KERNEY, JJ. 12.

*For reversal*—None.