DAVID E. MAULSBURY, PLAINTIFF-RESPONDENT, v. JOSEPH SHURE. DEFENDANT-APPELLANT.

Submitted May term, 1933—Decided January 20, 1934.

Before Brogan, Chief Jusitce, and Justices Trenchard, and Heher.

For the appellant, *Collins & Corbin* (*Edward A. Markley* and *Howard F. McIntyre,* of counsel).

For the respondent, *Cook & Stout* (*William J. O'Hagan,* of counsel).

Per Curiam.

Defendant appeals from a judgment in favor of plaintiff, in an action to recover damages claimed to have been sustained as the result of the negligent operation of an automobile. A motor vehicle owned and driven by one Forman, and occupied by plaintiff, and an automobile of defendant collided at a highway intersection in Asbury Park.

The several grounds of appeal assigned and pressed by appellant may be grouped under six heads.

The first point urged is that the trial court erroneously permitted counsel for plaintiff to address the following question to the jury, after it was empaneled and before it was sworn: "Are any members of the jury represented by the firm of Collins & Corbin, or by any members of that firm?" It is said that this is an "omnibus" question probihited by chapter 151 of the laws of 1911. *Pamph. L.* 1911, *p.* 220. This was not the ground of objection presented to the trial judge. The objection there was upon the ground that the question was "irrelevant, immaterial, improper and prejudicial." The ground now urged is therefore not available to appellant here. *Polgar* v. *Kantor,* 3 *N. J. Mis. R.* 1122; 130 *Atl. Rep.* 732. Moreover, it is not shown that the departure from the practice prescribed by the statute was prejudicial to appellant.

The second point presented by appellant is that the trial court erred in certain rulings on evidence. These rulings are made the subject of the second, third, fourth and fifth grounds of appeal. We do not deem it necessary to treat individually the rulings thus criticised. Suffice it to say, we have examined each ruling complained of, and find no prejudicial error. In some instances the objections now urged were not presented below. In each instance the objection presented to the trial court is, in our opinion, untenable. In any event, if error occurred, it was harmless, and is not available to appellant as a ground for reversal.

The third ground advanced is that the trial court erred in allowing a hypothetical question propounded to plaintiff's medical expert, and in permitting this witness to express an opinion based partly on the history of the case. It was urged in the trial court that the witness, in expressing his opinion, was limited to what he found objectively, and could not express his opinion based upon the history furnished him. This view is manifestly unsound. The witness qualified and testified as an expert, and the rule invoked by appellant did not apply in the situation here existing. Another ground of objection presented below was that "the question does not include many material facts; unless the entire evidence is set forth and presented in a hypothetical question, it is not proper." This is not the rule. *Molnar* v. *Hildebrecht Ice Cream Co.,* 110 *N. J. L.* 246, 255; 164 *Atl. Rep.* 300; *Daggett* v. *North Jersey Street Railway Co.,* 75 *N. J. L.* 630, 637; 68 *Atl. Rep.* 179; *Schreiner* v. *New York and New Jersey Telephone Co.,* 82 *N. J. L.* 743; 82 *Atl. Rep.* 887; *Cottrell* v. *Fountain,* 80 *N. J. L.* 1; 77 *Atl. Rep.* 465; *Shoemaker* v. *Elmer,* 70 *N. J. L.* 710; 58 *Atl. Rep.* 940. It is urged here that the question was objectionable upon the further ground that there was no proof that plaintiff sustained an ankle fracture, nor proof that he received medical treatment for a back injury. This criticism is without merit. In any event, it was not urged in the court below, and therefore cannot be laid hold of here for the purpose of working a reversal. In this connection, appellant contends that the court erred in permitting the expert to express an opinion, based, in part, upon

a history of the case, that respondent's condition was a permanent one. Appellant invokes the rule that a physician who examines, not for the purpose of treatment, but to give testimony, must form his opinion upon what his examination disclosed, entirely apart from the history furnished. This was not the ground of objection advanced below. There it was urged that the witness was "not competent to give an opinion." Moreover, the information that his opinion was based, in part, upon the history furnished, came in response to a question propounded by appellant's counsel. There was thereafter no motion to strike out the testimony of the witness upon the ground now presented. Appellant therefore can profit nothing by this ground for reversal.

It is next urged that the trial court erred in denying appellant's motion for a mistrial, upon the ground of misconduct of some of the jurors. The trial judge investigated, and concluded that there was no evidence to warrant a finding that any of the jurors had been improperly influenced, or that any attempt in that direction had been made. We agree with the conclusion of the trial court. Such an application is addressed to the discretion of the court, and where no abuse of discretion is shown, the ruling does not furnish a ground for reversal.

Appellant also criticises the ruling of the trial court in excluding from evidence a statement in writing alleged to have been made by respondent's witness, Jackson, relating to matters made the subject of his examination, and rulings on evidence made when appellant's witness, Capabianco, testified concerning it. This criticism is without substance. The trial judge ruled, and properly so, that a foundation for the offered statement and testimony had not been laid. Counsel for appellant conceded this, although apparently under a misapprehension as to the scope of the applicable rule. In reply to the query from the court, as to whether the foundation had been laid by appropriate questions put to the witness, Jackson, counsel replied: "No, I didn't ask him; I submit I can offer it in evidence now; if they want Jackson to deny it they may do it by way of rebuttal." The rule is entirely settled in this state that, where the purpose of questions such as

those now under consideration is to show that the witness made a written statement before the trial contradictory of the testimony given by him at the trial, and thus discredit him before the jury, it can only be made admissible by first laying a foundation therefor, and this must be done by calling the attention of the witness to the contents of the paper, and then asking him whether he had not made the statements contained therein. *State* v. *Cappiello,* 107 *N. J. L.* 249; 151 *Atl. Rep.* 737. Tested by the rule thus laid down, the rulings complained of were free from error.

Lastly, it is claimed that there were errors in the charge. The first criticism made is that the charge relating to the applicable provisions of the Traffic act permitted the jury, "to totally ignore and exclude from its consideration rules of the road so called." This is not so. The jury was expressly instructed to take into consideration the provisions of the Traffic act in determining whether or not there was negligence in the conduct of plaintiff or defendant. It is next said that the court's charge was the equivalent of a binding instruction that defendant had violated the provision of the Traffic act, giving the right of way, when two motor vehicles reach an intersection at approximately the same moment, to the one approaching from the right. We do not so read the charge. The trial judge merely stated that "plaintiff was riding in a car coming from the defendant's right." The jury was not thereby advised, nor by any other statement in the charge, that plaintiff had the right of way. It may be that the instruction relating to this particular provision of the Traffic act was not as informative as it should have been, but it cannot be said that it misstated the law. It was correct as far as it went, and in the absence of a specific request, appellant cannot complain.

It is also urged that another passage of the charge permitted the jury to "consider such violation [of the Traffic act] as a circumstance in determining whether defendant was negligent," even though it was a breach of the rules "that did not hurt." There was no exception to this portion of the charge. Nor was the criticism now made brought to the

attention of the trial judge. This ground of appeal is therefore of no avail.

It is also claimed that there was error in the passage of the charge relating to the compensation to be awarded for loss of wages. It is said that the charge in this respect was erroneous and harmful: first, as being too broad; second, it directs the jury to speculate; and third, there was no evidence to support such instruction. An exception was taken to this passage on the sole ground that "there was no proof of loss of wages." Such was not the fact, and this criticism is therefore groundless.

Judgment affirmed, with costs.