L. L. LEONARD, PLAINTIFF-APPELLANT, v. MAY D. COOPEY AND C. H. COOPEY, DEFENDANTS-APPELLEES.

Submitted January term, 1936—Decided August 26, 1936.

Before Justices Heher and Perskie.

For the appellant, *Tumen & Tumen* (*Kremer & Proctor*, of counsel).

For the appellees, *Joseph F. Mattice* (*Gilbert H. Van Note*, of counsel).

The opinion of the court was delivered by

Perskie, J. This is the plaintiff's appeal from a judgment entered by the trial judge, sitting without a jury, of "no cause for action against defendants" and also from the judgment against him on defendants' counter-claim.

The state of case settled by the court discloses substantially the following facts: May D. Coopey, one of the defendants herein, was one of the heirs-at-law and administratrix of the estates of Eliza Chaffinch and Charles Chaffinch. Because of poor health she placed the estates in the hands of one S. Lewis Davis, an attorney-at-law. Both estates were indebted to the plaintiff for professional services rendered; that of

Eliza Chaffinch in the sum of $150 and that of Charles Chaffinch in the sum of $456. The estates, apparently being insolvent, endeavored to effect a fifty per cent. settlement with all creditors, including the plaintiff. All the heirs in interest had agreed to transfer to May D. Coopey a certain property of the estates if the debts were paid. In consideration therefor defendants undertook that task. They set out to satisfy plaintiff's claims. They knew that their attorney, Davis, had been unable to do so. On May 20th, 1933, defendants entered into an agreement with the plaintiff whereby they obtained a release of his claims against the said estates in return for three notes of $100 each which they executed and delivered to the plaintiff. Defendants paid $150 on account of the said notes. On June 29th, 1933, plaintiff also received from Davis $303 in full settlement of his claims against the two estates, for which he also executed a general release to each estate.

On March 28th, 1935, plaintiff commenced this suit for the balance of $150 due on the notes. Defendants counterclaimed for the $150 paid. The theory upon which this claim is rested is that the plaintiff breached his undertaking with defendants under their agreement of May 20th, 1933, in which he released the estates, by thereafter accepting a like sum from Davis. Judgment was rendered for the defendants of no cause of action on plaintiff's claim, and for the sum of $150 in favor of the defendants and against the plaintiff on the defendants' counter-claim.

Thereafter the trial judge allowed a rule to show cause why a new trial should not be granted. The reasons assigned on the rule were: (1) that the said verdict was against the weight of the evidence; (2) that the said verdict should have been for the plaintiff and not for the defendants; (3) that the said verdict was arrived at as a result of a mistake; and (4) that the said verdict was based upon evidence which was either a mistake or a deliberate falsehood. The rule also contained a *proviso* that the granting of the rule should not be a waiver of any grounds for appeal existing in favor of the plaintiff.

Testimony was taken on the return of the rule to show cause. The trial judge in his memorandum of conclusions reviews the proof, and, among other things, says:

"It is quite apparent from all this that Mr. Davis was the person actually in charge of the management of the estates. That Mrs. Coopey was physically unable to do it. This was known to Dr. Leonard. The proposal to accept fifty per cent. in settlement was agreed to by letter of Tumen & Tumen, which Mr. Davis received on May 22d. What Dr. Leonard obtained from the Coopeys he did not disclose to Mr. Davis, and what he obtained from Mr. Davis he did not disclose to the Coopeys. This is just the conclusion which I reached at the trial.

"The evidence adduced by the plaintiff at these hearings has substantiated the defendants' case and does not in any way indicate that the court was misled or deceived by the defendants at the trial.

"It may be here noted that the witnesses produced at these hearings, on the motion to open the judgment, were the plaintiff's witnesses and their testimony in so far as plaintiff is concerned, must be taken to be true.

"A careful consideration of all the testimony adduced at these hearings and the arguments of counsel thereupon leave me with the opinion that the judgment heretofore rendered in this cause is a correct one. Therefore, let the rule be discharged."

Plaintiff again challenges the propriety of the judgments entered by the court below and its disposition of the rule to show cause. He sets down eleven specifications with which he is dissatisfied in point of law. The argument is confined to three points. Epitomized they are substantially these: (1) There was no evidence to support the judgment, i. e., they were contrary to the weight of the evidence. (2) The court erred in holding that the plaintiff was under any obligation to tell Davis of his settlement with Coopeys and of having released the estates. (3) That the court abused its discretion in refusing to grant a new trial.

The argument now made as to the first and second points

is nothing more than a repetition of the argument made on the same points below. The disposition of this argument below is a bar to its consideration here. *The Morris Plan Corp.* v. *Leschinsky,* 113 *N. J. L.* 414; 174 *Atl. Rep.* 729. And, under the circumstances here exhibited, the general reservation in the rule is of no avail. *Molnar* v. *Hildebrecht Ice Cream Co.,* 110 *N. J. L.* 246; 164 *Atl. Rep.* 300. It is *res adjudicata. Robins* v. *Mack International Motor Truck Corp.,* 113 *N. J. L.* 377; 174 *Atl. Rep.* 551; *Hammond* v. *County of Monmouth,* 117 *N. J. L.* 11; 186 *Atl. Rep.* 452.

We find nothing to support the claim that the court abused its discretion.

Judgment is affirmed, with costs.